## O'HARE v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. October 28, 1918.)

### No. 5111.

1. ARMY AND NAVY ☞40—OBSTRUCTION OF RECRUITING—INDICTMENT.

An indictment charging that defendant made statements in a public address that any person who enlisted for service in France would be used for fertilizer, etc., with the intent of obstructing the enlistment service of the United States, *held* sufficient to charge the offense of obstructing the recruiting and enlistment service, in violation of Espionage Act, tit. 1, § 3.

2. ARMY AND NAVY ☞40—ENLISTMENT AND RECRUITING—"OBSTRUCT."

A speech in which defendant stated that any one enlisting for service in France would be used for fertilizer, etc., *held* to violate Espionage Act, tit. 1, § 3, denouncing the offense of willfully obstructing the recruiting or enlistment service of the United States; the expression "obstruct" contemplating more than a physical obstruction.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Obstruct.]

3. CRIMINAL LAW ☞829(1), 834(2)—TRIAL—INSTRUCTIONS.

The refusal of a requested instruction substantially covered by the principal charge was not error, for the court is not required to use the precise language of counsel.

4. ARMY AND NAVY ☞40—OBSTRUCTION OF ENLISTMENT—ESSENTIALS.

To sustain a conviction of willfully obstructing the recruiting and enlistment service, etc., in violation of Espionage Act, tit. 1, § 3, by speeches calculated to have that effect, it is not necessary to show any particular person was prevented from enlisting.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

In Error to the District Court of the United States for the District of North Dakota; Martin J. Wade, Judge.

Kate Richards O'Hare was convicted of violating Espionage Act June 15, 1917, tit. 1, § 3, and she brings error. Affirmed.

Chester H. Krum, of St. Louis, Mo., and V. R. Lovell, of Fargo, N. D. (H. F. Horner, of Fargo, N. D., on the brief), for the plaintiff in error.

Melvin A. Hildreth, U. S. Atty., of Fargo, N. D. (John Carmody, Asst. U. S. Atty., of Fargo, N. D., on the brief), for the United States.

Before HOOK and STONE, Circuit Judges, and MUNGER, District Judge.

HOOK, Circuit Judge. [1] On July 17, 1917, when the United States was at war with the Imperial German government, and was engaged in enlisting or recruiting its forces for the army and navy, Kate Richards O'Hare, a professional Socialist lecturer, delivered an address at a public meeting in the town of Bowman, N. D., before an audience of 100 or more people, in the course of which she said in substance and effect:

That any person who enlisted in the army of the United States for service in France would be used for fertilizer, and that is all he was good for, and that the women of the United States were nothing more nor less than brood sows, to raise children to get into the army and be made into fertilizer.

She was indicted for violating that part of section 3, title 1, of the Espionage Act of June 15, 1917 (40 Stat. 219, c. 30), which provides that "whoever, when the United States is at war, * * * shall willfully obstruct the recruiting or enlistment service of the United States to the injury of the service or of the United States" shall be punished as therein provided. She was tried, convicted, and sentenced to imprisonment for five years. It is contended that the indictment did not charge an offense under the statute, and that the trial court erred in excluding evidence, and in giving and refusing instructions to the jury. Of these in their order.

The first count will illustrate the claim of the insufficiency of the indictment. It charged that at the time and place mentioned the defendant "did commit the crime of willfully obstructing the enlistment service of the United States to the injury of the service of the United States, committed as follows, to wit." Then follow averments that she made the statements under the circumstances already recited, that she did so with the intention of willfully obstructing the enlistment service of the United States, to the injury of that service, and that there was then war between the United States and the Imperial German government. We will assume, without consideration, that the attack upon the indictment was seasonably made. It is urged that the defendant was merely charged with an attempt and an intention to obstruct the service, whereas the statute requires an actual willful obstruction. But counsel ignore the first part of the count, which, coupled with those following, is equivalent to a charge that the defendant did not merely attempt to obstruct, but

actually did so, and willfully. The final averment of intent may be taken as an additional elaboration of the element of willfulness.

[2] Again, it is asserted that to "obstruct" the recruiting or enlistment service some physical force, obstacle, or impediment must be employed; that mere speech is not sufficient. Doubtless in some relations the word has that meaning; but manifestly it is not so limited in the statute before us. In the very nature of the evil sought to be avoided there could be no more potent means of obstructing, or even defeating, a country in raising its forces for war, especially in a time of voluntary enlistment, than a campaign of abuse calculated to inflame the ignorant or lawless against the operations of their duly constituted government, and to incite or encourage them to resistance. In the sense of the statute to obstruct means also to hinder, impede, retard, or embarrass, and any efficient means to that end is within the condemnation. If counsel were right in this, the picketing of recruiting stations by orators and lecturers would be admissible, if they stopped short of physical violence.

Complaint is made of the exclusion of some evidence of a local political controversy, upon which witnesses for the government and for the defense were divided. The defendant was not a party to it, and it did not affect her, except as it bore upon the feeling of the witnesses toward each other, and therefore rather remotely upon their credibility, and for that limited purpose sufficient of the evidence was admitted by the trial court.

[3] As to the instructions: It is urged that the court erred in refusing a requested instruction that the defendant could not be convicted, unless she used the language set forth in the indictment literally or in substance. The full effect of the instruction was given in the general charge. The court was not required to use the precise words of counsel.

[4] Finally, it is said that the court erred in instructing the jury that it was not necessary that the government show that some particular person was induced not to enlist. The instruction was right. The phrase "recruiting or enlistment service," as employed in the statute, signifies more than the mere induction into service of identified individuals. It means the particular governmental function or establishment as a whole, and comprises the means, agencies, and instrumentalities which it adopts, or upon which it relies, to accomplish its object. If language and the time and circumstances of its use are such as would necessarily result in obstructing the recruiting or enlistment service as so defined, the result will be presumed to have followed. That is the case here. Moreover, there was substantial proof that the defendant embraced the occasion, and that her language set forth harmonized with the trend of her address and accorded with her design.

The other criticisms of the court's charge are clearly without merit. The sentence is affirmed.