## SCHUMANN v. UNITED STATES.*

### (Circuit Court of Appeals, Eighth Circuit. April 28, 1919.)

### No. 5275.

ARMY AND NAVY ☞40—ESPIONAGE ACT—PROSECUTION FOR VIOLATION.

An indictment under Espionage Act June 15, 1917, § 3 (Comp. St. 1918, § 10212c), for obstructing the recruiting and enlistment service, *held* sufficient, the trial *held* without prejudicial error, and a judgment of conviction sustained by the evidence.

In Error to the District Court of the United States for the Northern District of Iowa; Henry T. Reed, Judge.

Criminal prosecution by the United States against Wilhelm Schumann. Judgment of conviction, and defendant brings error. Affirmed.

C. H. Van Law, of Marshalltown, Iowa, for plaintiff in error.

F. A. O'Connor, U. S. Atty., of Dubuque, Iowa, and Seth Thomas, Asst. U. S. Atty., of Ft. Dodge, Iowa, for the United States.

Before SANBORN and CARLAND, Circuit Judges, and MUNGER, District Judge.

CARLAND, Circuit Judge. The plaintiff in error (hereafter defendant) was indicted and convicted for a violation of section 3 of the Espionage Act, approved June 15, 1917 (40 Stat. 219, c. 30 [Comp. St. 1918, § 10212c]). The indictment contained two counts, the first of which was eliminated by demurrer. The second count charged that defendant, on or about November 11, 1917, at Pomeroy, Calhoun county, Iowa, did then and there willfully obstruct the recruiting and enlistment service of the United States, by delivering a sermon in a church of which he was then and there pastor, in which sermon in the presence of a large number of people, among them being registrants under the Selective Service Law of May 18, 1917 (40 Stat. 76, c. 15 [Comp. St. §§ 2044a–2044k]), he used the following language:

"That this war in which America is engaged is for the capitalists only and the Liberty Bond is a great humbug; by buying Liberty Bonds you buy yourself deeper into slavery; America went into this war to help England; that America had no right to go into the war against Germany and that Germany was right; that he was asked to take up a collection for the Red Cross, but we could raise our own money and send it to our own Germans and help them out; that it was a money war, and men were making money out of it; that he did not believe in the Y. M. C. A. at all; that it is gotten up by the Methodists, and I want my people to stay away from it and stay by the Lutheran Church; that our boys should not go over and shed their blood to help England."

The defendant has brought the case here by writ of error. The questions raised may be stated as follows: (1) The indictment is insufficient, in that it does not set forth any overt act, or that there was any obstruction as a matter of fact to the recruiting and enlistment service of the United States. (2) Error in the admission of evidence in regard to the statement made by defendant, for the reason that there was no evidence to show that the statement was directed toward the

enlistment or recruiting service of the United States. (3) Insufficiency of the evidence to sustain a conviction, in that the language used was nothing more than the expression of opinion, criticism, and argument, and in no way directed to the matter of the recruiting and enlistment service of the United States. (4) Error in the instructions of the court to the jury wherein the court defined the meaning of the word "obstruct" as used in the statute. (5) The unconstitutionality of the Espionage Act.

We have carefully read the record in this case, and find no merit in the contentions made by counsel for defendant. They have all been ruled upon adversely to him in the following cases: Debs v. United States, 249 U. S. 211, 39 Sup. Ct. 252, 63 L. Ed. 566 (March 10, 1919); Schenck v. United States, 249 U. S. 47, 39 Sup. Ct. 247, 63 L. Ed. 470 (March 3, 1919); Frohwerk v. United States, 249 U. S. 204, 39 Sup. Ct. 249, 63 L. Ed. 561 (March 10, 1919); O'Hare v. United States, 253 Fed. 538, —— C. C. A. ——; Doe v. United States, 253 Fed. 908, —— C. C. A. ——.

Judgment affirmed.