## BOEHNER v. UNITED STATES.*

(Circuit Court of Appeals, Eighth Circuit.    June 28, 1920.    Rehearing Denied
Sept. 13, 1920.)

No. 5400.

1. **Criminal law ⬤═371(1)—In prosecution under Espionage Act evidence of other statements admissible to show intent.**

On trial of a defendant charged with violation of Espionage Act, tit. 1, § 3 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 10212c), by giving counsel and advice against enlistment evidence of statements and conversations of defendant other than those charged in the indictment *held* admissible to show the intent with which the words charged were spoken, when properly limited to such purpose.

2. **Army and navy ⬤═40—Evidence held to show attempt to obstruct enlistments.**

Evidence *held* to sustain a conviction for attempting to obstruct enlistments, in violation of Espionage Act, tit. 1, § 3 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 10212c).

, In Error to the District Court of the United States for the Southern District of Iowa; Martin J. Wade, Judge.

Criminal prosecution by the United States against L. W. Boehner. Judgment of conviction, and defendant brings error. Reversed as to two counts, and affirmed as to one count.

John P. Organ, of Council Bluffs, Iowa (J. J. Hess, of Council Bluffs, Iowa, on the brief), for plaintiff in error.

E. G. Moon, U. S. Atty., of Ottumwa, Iowa.

Before HOOK and CARLAND, Circuit Judges, and TRIEBER, District Judge.

TRIEBER, District Judge.    The plaintiff in error, referred to hereinafter as the defendant, was indicted in three counts, charged with violations of section 3, tit. 1, of the Espionage Act of June 15, 1917, c. 30, 40 Stat. 217 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 10212c). He was found guilty on all counts and sentenced on the first count to pay a fine of $5,000 and the costs of the prosecution and to imprisonment for a period of three years; on the second and third counts he was sentenced on each count to imprisonment for three years, the imprisonment to be concurrent in all three counts. No fine or costs were imposed on these last two counts.

The first count charges him with making false reports and false statements, with the intent to interfere with the operation and success of the military and naval forces of the United States, and to promote the success of the enemies of the United States. The statements set out in the indictment were alleged to have been made to one Charles Conger. The second count charges him with willfully and feloniously obstructing the recruiting and enlistment service of the United States, to the injury of the service of the United States, by counseling and advising one Gordon Jones that he should forbid and should discourage young men of the proper age from enlisting in the army

⬤═For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes
*Certiorari denied 254 U. S. —, 41 Sup. Ct. 149, 65 L. Ed. —.

and navy of the United States. The third count charges him with counseling and advising one Mrs. F. D. Shafer that she should discourage young men of the proper age from enlisting in the army and navy of the United States. A demurrer of the defendant to each count was by the court overruled.

[1] Without setting out in full the allegations in the indictment, we are of the opinion that the court committed no error in overruling the demurrers. Similar charges in indictments have been held sufficient in numerous cases. Debs v. United States, 249 U. S. 211, 39 Sup. Ct. 252, 63 L. Ed. 566; Schenck v. United States, 249 U. S. 47, 39 Sup. Ct. 247, 63 L. Ed. 470; Abrams v. United States, 250 U. S. 616, 40 Sup. Ct. 17, 63 L. Ed. 1173; Pierce v. United States, 252 U. S. 239, 40 Sup. Ct. 205, 64 L. Ed. 542; O'Hare v. United States, 253 Fed. 538, 165 C. C. A. 208; Doe v. United States, 253 Fed. 903, 166 C. C. A. 3. The objections of the defendant to the admission in evidence of statements made to parties, other than those named in the indictment, tending to discourage enlistments in the army or navy of the United States, or obedience to the Selective Draft Law (40 Stat. 76), and evidencing a strong prejudice against the work, were properly overruled, as the court admitted them solely for the purpose of establishing the intent of the defendant, when using the language set out in the three counts of the indictment, and the court so stated at the time the objections were made. To prevent any misapprehension as to the effect of this testimony the court in its charge to the jury, after stating that the sole object of admitting that testimony was for the purpose of establishing the intent of the defendant in making the remarks set out in the three counts of the indictment, charged them:

"You cannot convict him of an offense in talking with some of these others outside of the three named in the indictment, but you may take the conversations with the others and consider them in trying to find out what his purpose was in talking with these three, or any of them, that you find he did talk with, as charged."

The court committed no error in admitting the evidence for that purpose only. Wolf v. United States, 259 Fed. 388, 170 C. C. A. 364.

The only other assignments of error necessary to consider are the requests for a directed verdict of not guilty on each count. We are unanimously of the opinion that the first count fails to convince that the alleged statements made to Mr. Conger, named in the first count of the indictment, were made after the enactment of this statute. In our opinion the evidence establishes that the conversation referred to by Mr. Conger was on May 15, 1917, a month before this act became a law. Nor does the evidence satisfy that the conversation with Mrs. Shafer, set out in the third count of the indictment, had the effect of counseling and advising her that she should discourage young men of the proper age from enlisting in the army or navy of the United States, which are in that count.

[2] But there was substantial evidence to warrant the submission of the second count to the jury. Mr. Jones, the person named in that count with whom the conversation was had, testified that he was the father of two boys, one 20 years of age and the other 17 years of age,

both of them living with him at home; that in the fall of 1917 the defendant said to him:

"He did not believe in the Draft Law; did not think it was right. He would not let one of his boys go if he could help it. * * * He would fight it to a finish before he would let them go."

While neither of the sons of Mr. Jones was subject to the Selective Draft Law in force at that time, both were of an age enabling them to enlist voluntarily, with the consent of the parent, to whom the remarks were made. These remarks, in connection with the statements made by him to numerous other persons, who testified to similar remarks made by the defendant, his remarks about the women employed in the Red Cross work, too filthy to be set out in this opinion, his abuse of the President, whom he charged with getting us into the war to please Wall Street and J. P. Morgan, fully warranted the submission of that count to the jury, and its verdict is conclusive.

The judgment of conviction on the first and third counts is reversed, and that on the second count is affirmed.