## TRELEASE v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. July 28, 1920.)

No. 5517.

1. **Criminal law ☞753(2)—Sufficiency of evidence not presented, where motion for verdict not renewed at close of evidence.**

　　The question of the sufficiency of the evidence to authorize a conviction was not raised at the trial, where the only motion for a directed verdict was made at the close of the evidence for the United States, and was not renewed at the close of all the evidence.

2. **Army and navy ☞40—Evidence held to show intent to cause insubordination and obstruct recruiting.**

　　In a prosecution for violation of Espionage Act June 15, 1917, tit. 1, § 3 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 10212c), evidence held to sustain charge that the language used by defendant was intended to cause insubordination in the military and naval forces of the United States, and to obstruct recruiting and enlistment in such forces.

3. **Criminal law ☞451(4)—Evidence of impression of speech on witness admissible.**

　　In a prosecution for violation of Espionage Act June 15, 1917, tit. 1, § 3 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 10212c), it was not error to allow a witness to testify as to the impression made upon him by defendant's speech, though the witness could give only the substance of the speech.

In Error to the District Court of the United States for the District of North Dakota; Charles F. Amidon, Judge.

H. J. Trelease was convicted of violating the Espionage Act, and he brings error. Affirmed.

E. T. Burke, of Bismarck, N. D., and Nuchols & Kelsch, of Mandan, N. D., for plaintiff in error.

Melvin A. Hildreth, U. S. Atty., of Fargo, N. D. (Philip Elliott, Asst. U. S. Atty., of Fargo, N. D., on the brief), for the United States.

Before SANBORN and CARLAND, Circuit Judges, and TRIEBER, District Judge.

CARLAND, Circuit Judge. Plaintiff in error, hereafter defendant, was convicted and sentenced on counts 2 and 3 of an indictment which charged a violation of section 3, title 1, of the Espionage Act of June 15, 1917. 40 Stat. 219 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 10212c). Counts 2 and 3 of the indictment under which defendant was convicted charged that the language set forth was uttered with

intent to cause insubordination, disloyalty, mutiny, and refusal of duty in the military and naval forces of the United States, and with intent to obstruct the recruiting and enlistment service of the United States to the injury of such service. Certain errors are assigned as having intervened in the trial of the cause, which it is alleged require a reversal of the judgment.

[1] It is assigned as error that the evidence was insufficient to sustain the verdict of the jury. This question was not raised at the trial, as the only motion for a directed verdict was made at the close of the evidence for the United States and was not renewed at the close of all the evidence.

[2] The defendant's liberty, however, being involved, we have carefully read the evidence with the view of ascertaining whether the error assigned has any merit. There was evidence tending to show that the defendant in a public address delivered in the presence of 150 to 200 people at Strawberry Lake, N. D., on July 3, 1917, declared that the war with Germany was a rich man's war; that they were sending your boy and mine to fight to protect the moneyed interests and Wall Street; that the Draft Act (Comp. St. 1918, Comp. St. Ann. Supp. 1919, §§ 2044a–2044k) was an injustice, unconstitutional, and wrong, and they were going to knock it out; that the draft law ought to be put to a vote; that the Constitution was drawn by a bunch of cocked hats, in the interest of conservatives, who were looking out for their own interests; that we had no business in the war; that we were sending our boys over to be slaughtered; that the war was wrong; that any young man that would enlist in the army was a fool; that this was a war to protect the moneyed interests; that, if the United States had loaned money to Germany, we would be fighting on their side, instead of on the side of England; that the real enemies of the people were the munition makers and moneyed interests; that if all the young men of draft age would resist there would be no war; that a man was a damn fool to fight for the money interests—to protect other men's dollars; that, if our boys who were drafted would refuse to sign up, there would not be any war, they could not get anybody to fight; that defendant was opposed to all forms of government and all officers, all government officers; that defendant had a conversation with one Earnest Soderstrom, a young man who had just enlisted in the navy. Soderstrom told the defendant that he could not get by with the stuff like the talk he had given there, because he had just enlisted in the navy. Defendant replied: "You are a damn fool to enlist in the navy to fight in the interest of the rich." There was other language in the speech abusing and slandering the President of the United States.

There was evidence of other statements made at different times and places for the purpose of showing intent. The evidence was properly admissible for that purpose. A mere recitation of the language used clearly shows that there was sufficient evidence to take the case to the jury, and that their verdict of guilty was fully warranted by the evidence. The defendant testified that he had never taken out or declared his intention to become a citizen of the United States; that

he was technically a subject of Great Britain; that he commenced to talk for the Nonpartisan League in February, 1917, on a salary of $125 a month, and he continued in their service until July; that he spoke in many places, and spoke to as many as 1,500 or 2,000 people at one time; that he was 22 years of age when he came to America in 1899 or 1900.

[3] It is further assigned as error that the court erred in allowing the witness Whipple to testify as to the impression made upon him by the speech of defendant, for the reason that Whipple could not give the exact language of the speech, but only its substance. We see no merit in this assignment. The evidence as shown in the record brings this case clearly within the decision of this court in the O'Hare Case, 253 Fed. 539, 165 C. C. A. 208, Debs v. U. S., 249 U. S. 215, 39 Sup. Ct. 252, 63 L. Ed. 566, Abrams v. U. S., 250 U. S. 616, 40 Sup. Ct. 17, 63 L. Ed. 1173, and many other cases in the Supreme Court and this court.

Judgment affirmed.