## MILLS v. UNITED STATES..

(Circuit Court of Appeals, Fifth Circuit. November 30, 1923.)

### No. 4141.

1. Criminal law ⬄395—Retention and admission in evidence of property taken by city and state officers without search warrant held proper.

Retention of stolen property taken from defendant's possession without search warrant, and admission of property in evidence in prosecution in federal court, held proper, where the property was seized by city and state officers, and not by or at instigation of federal officers.

2. Indictment and information ⬄132(5)—Refusal to require election between count charging felonious breaking into post office and count charging larceny of funds therein held proper.

Refusal to require the government to elect between count charging the felonious breaking and entering of a post office with intent to commit larceny and count charging larceny of funds, stamps, and money in post office belonging to the government, held proper, since a defendant could be convicted under both counts.

⬄For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

3. **Indictment and information** ⟨≡⟩203—**General verdict referred to good count.**

Where there is a good count and a bad count, a general verdict will be referred to the good count, and a sentence entered on such verdict is valid, if it does not exceed the sentence, which could have been imposed on the good count.

4. **Criminal law** ⟨≡⟩1177—**Conviction and sentence under count charging larceny and count charging the receiving of stolen goods held not ground for reversal.**

Where indictment contained count charging the breaking into a post office with intent to commit larceny, a count charging larceny of funds therein, and a count charging the receiving of stolen property, the fact that defendant was convicted and sentenced under all three counts, under Criminal Code, §§ 190, 192 (Comp. St. §§ 10360, 10362), *held* not ground for reversal, though he could not by reason of a single act be guilty of both larceny and the receiving of stolen goods, in view of action of court in making sentence of three years' imprisonment under second count run concurrently with sentence of three years' imprisonment under third count, since in such case the defendant will not be required to undergo any greater punishment than if he had been convicted under the first and second counts only.

5. **Criminal law** ⟨≡⟩1167(2)—**Refusal to require election between two counts held harmless, in view of sentence imposed.**

Refusal to require the government to elect between count charging larceny and count charging the receiving of stolen goods *held* not ground for reversal, where the same sentence was imposed under both counts and sentences were made to run concurrently.

In Error to the District Court of the United States for the Eastern District of Texas; W. Lee Estes, Judge.

Homer S. Mills was convicted of feloniously breaking and entering a post office of the United States with intent to commit larceny, of stealing out of the post office funds, stamps, and money belonging to the United States, and of receiving property so stolen with knowledge that it had been stolen, and he brings error. Affirmed.

J. J. Collins, of Lufkin, Tex. (Chester B. Collins, of Lufkin, Tex., on the brief), for plaintiff in error.

Randolph Bryant, U. S. Atty., of Sherman, Tex.

Before WALKER and BRYAN, Circuit Judges, and GRUBB, District Judge.

BRYAN, Circuit Judge. This is an indictment against Homer S. Mills and W. J. Adams, alias W. J. Anderson, charging them, in the first count, with feloniously breaking and entering a post office of the United States with intent to commit larceny; in the second count, with stealing out of the post office certain funds, stamps, and money belonging to the United States; and in the third count, with receiving the property described in the second count with knowledge that it had been stolen. The third count contains an obvious clerical error, in that it names as defendants "Homer S. Mills, alias W. J. Adams, alias W. J. Anderson."

The fact that the post office had been entered and government property stolen therefrom is undisputed. The defendant Mills was arrested the next day by a constable and the chief of police of Shreveport, La., who had reasonable grounds to suspect his guilt, and who, upon searching him, found some of the stolen property in his possession. Adams

or Anderson not having been arrested, the trial proceeded against Mills alone. The defendant moved the court to require the stolen property to be returned to him, on the ground that it was taken out of his possession by the officers without a search warrant. But the motion was denied, and an objection to permitting these officers to testify at the trial to having seized the stolen property was overruled. The indictment was demurred to, and a motion was made to require the government to elect and stand on only one count of the indictment; but the court overruled the demurrer, and denied defendant's motion to require an election. The jury rendered a verdict of guilty as to each count, and the defendant was sentenced to the penitentiary for a period of three years on each count, but the sentences under the second and third counts were made to run concurrently. The defendant assigns error upon each of the above-mentioned rulings of the court, and contends also that the sentence is void.

[1] It was not error to refuse to order the return of the stolen property, or to admit evidence with reference to defendant's possession thereof. It is by no means conceded that the search was unreasonable, in view of the fact that the officers who made the arrest had reasonable cause to believe that the defendant had committed a felony. Welch v. United States (C. C. A.) 267 Fed. 819. But, in any event, the stolen property could be retained and testimony given with reference to it, because it was seized by city and state officers, and not by or at the instigation of federal officers. Burdeau v. McDowell, 256 U. S. 465, 41 Sup. Ct. 573, 65 L. Ed. 1048, 13 A. L. R. 1159; Rowan v. United States (C. C. A.) 281 Fed. 137.

[2] The conviction and sentence under the first and second counts is good, as has been held in the very similar case of Morgan v. Devine, 237 U. S. 632, 35 Sup. Ct. 712, 59 L. Ed. 1153. The government could not, therefore, be required to elect between them.

[3-5] We think it is unnecessary to consider either the demurrer, the motion to require an election, or the validity of the sentence under the third count. It is, of course, true that the defendant by a single act could not be guilty of both larceny and receiving stolen goods; but it is settled that, where there is a good count and a bad count, a general verdict will be referred to the good count, and a sentence entered upon such verdict is valid, if it does not exceed the sentence which could have been imposed on the good count. Claasen v. United States, 142 U. S. 140, 12 Sup. Ct. 169, 35 L. Ed. 966. The defendant could have been sentenced for five years under the first count, and for three years under the second count. Criminal Code, §§ 190 and 192 (Comp. St. §§ 10360, 10362).

While it is also true that the verdict in this case is not a general one, yet the principle involved is the same. The defendant will not be required to undergo any greater punishment than if he had only been convicted under the first and second counts, because the sentence under the third count is to be served at the same time as the sentence under the second count. This conclusion is supported by the opinions in the cases of Tubbs v. United States, 105 Fed. 59, 44 C. C. A. 357, and Bartholomew v. United States, 177 Fed. 902, 101 C. C. A. 182.

It clearly was not error for the court to refuse to require the government to elect, because a verdict under either of the counts would have been sustainable under the evidence. In the view we take of the matter, the clerical error in the third count becomes immaterial. The judgment is affirmed.