## GOLDBERG v. UNITED STATES.

(Circuit Court of Appeals, Fifth Circuit. January 22, 1924. Rehearing Denied February 20, 1924.)

### No. 4172.

1. **Indictment and information ⊜124(2)—Conspirators need not be jointly indicted.**

   It is not necessary that all parties to a conspiracy be jointly indicted.

2. **Conspiracy ⊜43(5)—Indictment held to charge that overt acts were committed after formation of conspiracy.**

   Where an indictment for conspiracy charged that the overt act alleged was committed in pursuance of and to effect the object of the conspiracy, it sufficiently appears that it was committed subsequent to the formation of the conspiracy, and the exact date is not material to the allegation.

3. **Criminal law ⊜620(2)—Consolidation of indictments for trial held within discretion of court.**

   The consolidation for trial of an indictment for conspiracy to unlawfully transport liquor and one charging defendant with unlawful possession and sale of liquor *held* within the discretion of the court.

4. **Searches and seizures ⊜3—Party without interest cannot object to legality.**

   A defendant cannot avail himself of an objection to the legality of the search of a place with which he claims he had no connection, nor of the seizure of property in which he claims to have had no interest.

5. **Criminal law ⊜422(2)—Indictment of other members of conspiracy, with their plea of guilty, held admissible in evidence.**

   On trial of an indictment for conspiracy, an indictment against other alleged members of the conspiracy, with the indorsement of their plea of guilty thereon, *held* admissible in evidence.

6. **Conspiracy ⊜43(12)—Date of conspiracy need not be proved as alleged.**

   Proof that a conspiracy was formed some three months prior to the date alleged in the indictment, but within the statute of limitations, is an immaterial variance.

⊜For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**7. Criminal law ⊕⇒1044—Sufficiency of evidence not reviewable in absence of motion for directed verdict.**

A motion for directed verdict, made at the close of the government's case, is waived by subsequent introduction of evidence by defendant, and unless renewed at the close of all the evidence the question of sufficiency of the evidence is not reviewable by the appellate court.

**8. Criminal law ⊕⇒780(3)—Charge as to testimony of accomplices held correct.**

It was not error to charge the jury that they could convict on the uncorroborated testimony of accomplices, where they were also charged that they should scrutinize such testimony with care.

**9. Intoxicating liquors ⊕⇒224—Burden not on prosecution to prove that defendant had no permit to transport.**

In a prosecution for conspiracy to unlawfully transport liquor, the burden is not on the government to prove that defendants did not have a permit for the transportation.

In Error to the District Court of the United States for the Southern District of Georgia; William I. Grubb, Judge.

Criminal prosecution by the United States against Isaac Goldberg. Judgment of conviction, and defendant brings·error. Affirmed.

F. P. McIntire, Shelby Myrick, and T. F. Walsh, all of Savannah, Ga. (Morris H. Bernstein, of Savannah, Ga., on the brief), for plaintiff in error.

F. G. Boatright, U. S. Atty., of Cordele, Ga., and Charles L. Redding, Asst. U. S. Atty., of Savannah, Ga. (Charles E. Donnelly, Asst. U. S. Atty., of Savannah, Ga., on the brief), for the United States.

Before WALKER and BRYAN, Circuit Judges, and CALL, District Judge.

BRYAN, Circuit Judge. This is an indictment, under section 37 of the Criminal Code (Comp. St. § 10201), in three counts for conspiracy, on August 26, 1922, to violate the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.). Conspiracy is charged against Isaac Goldberg, Henry Mears, Harry Litman, and Sam· Litman; but it is alleged that Harry Litman and Sam Litman were not indicted, because they had been previously indicted and pleaded guilty to another indictment setting out the same facts. The conspiracy charged in the second count of the indictment is:

"To commit an offense against the United States, that is to say, to violate an act of Congress commonly known as the National Prohibition Act by then and there transporting intoxicating liquors without making at the time a permanent record of such liquors showing in detail the amount and kind of liquors transported, together with the names and addresses of the consignor and consignee and the time and place of such transportation."

A nolle prosequi was entered as to Mears, and the prosecution proceeded against Isaac Goldberg alone, who hereinafter will be referred to as the defendant. This indictment was consolidated with another one which charged the defendant, in separate counts, with the unlawful sale and possession of intoxicating liquors.

There was evidence to sustain one of the overt acts alleged to the effect that Harry Litman and Sam Litman delivered 500 quarts of in-

⊕⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

toxicating liquor, packed in barrels, to the Ocean Steamship Company for transportation to New York City. A government witness was permitted to testify that he found 10 barrels of whisky at the Ocean Steamship Company's wharf on Henry Mears' truck, and that he did not have a search warrant, but opened the barrels in which the liquor was packed and seized it. The indictment against Harry Litman and Sam Litman, upon which was indorsed their pleas of guilty, was received in evidence, and they testified that they had packed and sent the liquor to the steamship company's wharf for shipment to New York. These two witnesses gave further testimony which, if true, showed that they were guilty of the offense charged against them by the indictment offered in evidence, which charges the same offense as the indictment in this case. Harry Litman also testified that the attempt to ship the liquor was in pursuance of an agreement he had in May, 1922, with the defendant. The foregoing evidence was admitted over the objection and exception of the defendant.

At the conclusion of the government's case in chief, a motion was submitted to instruct the jury to find for the defendant; but it was denied by the court. The defendant testified in his own behalf and denied any knowledge of or connection with either the conspiracy charged or the overt act testified to by the two Litmans, and did not renew his motion for a directed verdict at the close of all the evidence.

The court charged of its own motion that if the defendant were guilty, Harry Litman and Sam Litman were accomplices, but that the jury was not required to disregard their testimony even though it were not corroborated. The court further charged, at defendant's request, that although the testimony of an accomplice is admissible, it should be scrutinized with care, and that the jury should inquire into the probable motive which prompted it. The court also charged the jury as follows:

"There can be a legal transportation of liquor under the Volstead Act. You can get a permit and transport it legally, but if the defendant relies on legal transportation of liquor, then he must prove that he complied with the law in the respects that would make it legal, and that, of course, is not the contention here."

The defendant was convicted on all three counts of the indictment, and was sentenced to pay a fine of $5,000 and to be imprisoned for a term of 20 months.

The defendant assigns as error: (1) The overruling of his demurrer to the indictment; (2) the consolidation of indictments; (3) the overruling of his objections to the evidence above set out as to opening the barrels and seizing the liquor contained therein; as to the indictment against Harry Litman and Sam Litman, which contained their pleas of guilty; and as to Harry Litman's testimony that he attempted to ship liquor from Savannah to New York in pursuance of an agreement with the defendant; (4) the overruling of the motion to direct a verdict; and (5) the above-mentioned charges of the court given of its own motion.

[1, 2] 1. The second count of the indictment charges a conspiracy to transport liquor in violation of section 10 of title 2 of the National

Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138½e) and in almost the exact language of that section. It is not necessary that all the parties to a conspiracy be jointly indicted. Here it is apparent that it was not known to the government that the defendant was a party to the conspiracy until after Harry and Sam Litman were indicted and pleaded guilty. The defendant was in no worse plight than if he had been jointly indicted with the two Litmans and they had pleaded guilty. It is urged that the time of the commission of the overt acts is not alleged, and that consequently it does not appear whether they were committed before or after the conspiracy was formed. But it is alleged that they were committed in pursuance of and to effect the object of a conspiracy, so that we are of opinion that it is alleged that the overt acts were committed subsequently to the formation of the conspiracy. While it is true that the conspiracy charged is somewhat general in its nature, it is conceivably not more so than the agreement of the parties, and is therefore not objectionable on that account. On the whole, we think the second count of the indictment is sufficient. It is unnecessary to consider the other counts, since the punishment imposed is less than that which could have been imposed under the second count. Mills v. United States (C. C. A.) 294 Fed. 77, opinion filed November 30, 1923.

[3] 2. The consolidation of the two indictments was within the discretion of the court, because they charge the same class of crime. R. S. § 1024 (Comp. St. § 1690). The defendant alone was on trial, and the trial court's discretion does not appear to have been abused. Riddle v. United States (C. C. A.) 279 Fed. 216.

[4-6] 3. The defendant cannot avail himself of an objection to the search of the truck and the seizure of the liquor. He did not claim to have any right either to possession of the truck or the liquor. It was not error to admit in evidence the indictment previously found against Harry Litman and Sam Litman upon which there was indorsed their pleas of guilty. The fact that such an indictment had been found, and such pleas entered, was alleged in the indictment against the defendant, and necessarily so, as already held. Besides, both Harry and Sam Litman, who had pleaded guilty, testified at the trial and again admitted their guilt. There was no error in admitting Harry Litman's testimony that the conspiracy agreement was entered into as early as May, 1922. The indictment was found February 14, 1923, and the prosecution was well within the period of limitations. It alleges the conspiracy was entered into on August 26, 1922; but the date was immaterial, and consequently evidence that the conspiracy was actually entered into three months earlier was admissible.

[7] 4. The question as to the sufficiency of the evidence to sustain a verdict is not properly before us, because no motion to direct a verdict was made at the conclusion of all the evidence. The defendant waived the motion he made at the close of the government's case in chief by introducing evidence himself. Kasle v. United States, 233 Fed. 878, 147 C. C. A. 552; Blackstock v. United States (C. C. A.) 261 Fed. 150; Trelease v. United States (C. C. A.) 266 Fed. 886.

[8, 9] 5. The court charged the jury, at defendant's request, that the testimony of an accomplice should be scrutinized with care. It was

not error for the court of its own motion also to charge the jury that they could convict on the uncorroborated testimony of accomplices. Mark Yick Hee v. United States, 223 Fed. 732, 139 C. C. A. 262; Erber v. United States, 234 Fed. 221, 148 C. C. A. 123; Knoell v. United States, 239 Fed. 16, 152 C. C. A. 66. The charge of the court that the burden was not upon the government to prove that the defendant had a permit for the transportation of liquor is correct. Sharp v. United States (C. C. A.) 280 Fed. 86.

Reversible error is not made to appear by any of the assignments, and the judgment is affirmed.