954

## HOGG et al. v. UNITED STATES.

Circuit Court of Appeals, Fifth Circuit.
November 26, 1929.

No. 5473.

Paul L. Lindsay, of Atlanta, Ga., for appellants.

Clint W. Hager, U. S. Atty., J. M. Johnson, Asst. U. S. Atty., and Hal Lindsay, Asst. U. S. Atty., all of Atlanta, Ga.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

WALKER, Circuit Judge. The appellants were convicted under an indictment charging them with unlawfully and forcibly impeding and interfering with two named federal prohibition officers in the execution of their official duties by unlawfully and knowingly driving and manipulating a Cadillac coupé along a road in front of said officers and between the automobile they were driving and a Cadillac touring automobile driven by an unknown person and which then and there contained 250 gallons of intoxicating liquor.

There was evidence tending to prove the following: Between 1 and 2 o'clock in the morning of September 20, 1927, after the automobile used by the two named officers, who were accompanied by another man who drove that car, was stopped on the side of the Atlanta highway about one mile south of Gainesville, Ga., and after one of the officers had stationed himself on the side of the highway about 100 yards north of the car used by the officers, a Cadillac coupé occupied by appellants passed that officer, stopped between him and the car used by the officers, and the lights in the car occupied by appellants were cut off, and, while that car was where it had stopped, two Cadillac touring cars came from the same direction as the car occupied by appellants, slowed down, and then increased their speed and proceeded south on the highway. Before the officer, who had been standing about 100 yards away, got back to the car used by the officers, and before that car was moved, appellants passed him in the Cadillac coupé which had stopped, and proceeded in the direction the other two Cadillac cars had gone. When those cars passed that officer he saw that they were heavily loaded, that loaded sacks were piled up in them, and, from the appearance of the loads, he was satisfied they had whisky in them. When the officers got their car started they followed the cars which had just gone ahead. When they tried to pass the car occupied by appellants that car was turned in front of the car used by the officers, and zigzagged along the road, which was wide enough for one car to pass another, so as to keep the car used by the officers from passing, and this continued, the car occupied by appellants getting in the way of the car used by the officers every time the latter tried to pass, until a tire on a wheel of the car occupied by appellants was punctured, when that car went to the side of the road, and the officers' car passed it, turned into a road into which the officers saw one of the other Cadillac cars go, and proceeded on that road until they came upon that car with one of its wheels broken and containing 250 gallons of whisky. The officer who was first passed by the car occupied by appellants recognized them, and they had an opportunity to see and recognize that officer, who was known to them. Neither of the appellants claimed to own or have any interest in the car which was found with whisky in it or to own or have any interest in that whisky. Upon the conclusion of the evidence the court denied a motion of the appellants that a verdict in their favor be directed.

There was evidence to support a finding that the named officers were in the execution of their duty to seek to discover violations of the National Prohibition Act when, as alleged in the indictment, the appellants knowingly and forcibly interfered with their doing so. In behalf of the appellants it was contended that the officers were engaged in an attempt to seize and search the car which was found with whisky in it without having a search warrant authorizing them to do so and without having evidence of their senses that it contained intoxicating liquor. There being no evidence that appellants or either of them claimed to own or have any interest in that car or its contents, the seizure and search of that car was not unlawful as to them. Cantrell v. United States (C. C. A.) 15 F.(2d) 953; Schwartz v. United States (C. C. A.)

294 F. 528. There being evidence to support the material allegations of the indictment, and it not appearing that anything done by the officers in executing their duties was violative of any right of the appellants, the above mentioned ruling was not erroneous.

The judgment is affirmed.