## BELCHER v. UNITED STATES.
### No. 9048.

Circuit Court of Appeals, Eighth Circuit.
May 10, 1931.

charged illegal possession on December 9, 1929, of intoxicating liquor; the second an illegal possession on December 4, 1929, alleged to be a second offense; and the third charged him with maintaining a nuisance on February 4, 1930, in a building where intoxicating liquor was sold. The defendant was sentenced to imprisonment in jail for six months.

Assignments of error allege that his motions for an instructed verdict on each count were erroneously overruled. There was evidence that there was a soft ·drink parlor in a second story room over a theater at 617 Fourth street in Sioux City, Iowa. A stairway led from the street to a landing at the top, and there a door opened to the left into this soft drink parlor, and another door opened into a room at the right over a drug store located at 619 Fourth street. In the soft drink parlor there was a bar. There was undisputed testimony by four prohibition agents that on December 7, 9, 21, and 26, 1929, and on January 1, 6, and 25, 1930, they had purchased intoxicating liquor at this bar. There was a bartender who served some of these liquors, but the defendant was present at all but one of these sales, and himself sold liquor at this place to the agents on December 21, December 26, and January 6. Drinks were also furnished to other persons. A pitcher of alcohol was usually kept on a shelf behind the bar, and drinks were poured from this. On February 4, 1930, prohibition officers served a search warrant on the defendant, and the defendant admitted to three of the officers that he was in charge of the place. At the time of this search the officers seized some highball glasses, and an alcohol hydrometer, but found no liquor in the room where the soft drink parlor was. A gallon can half full of alcohol was found in the adjacent room over the drug store. The appellant does not contend that there was not sufficient evidence to warrant a conviction under the count charging the maintenance of a nuisance. He claims that there was not sufficient proof of the offenses charged in counts 1 and 2. There was ample evidence from which the jury could find an unlawful possession, at or about each of the dates alleged. There was no evidence offered to show that the defendant was guilty of a second offense, as alleged in the second count, but it is not perceived how this could prejudice him.

The sentence was general, and was within the limits permissible on the charge of maintenance of a nuisance, under section 21 of title 2 of the National Prohibition Act

Don G. Mullan, of Sioux City, Iowa, (Max E. Duckworth, of Sioux City, Iowa, on the brief), for appellant.

Harry M. Reed, U. S. Atty., of Waterloo, Iowa (B. E. Rhinehart, Former U. S. Atty., of Anamosa, Iowa, and D. C. Browning, Asst. U. S. Atty., of Sioux City, Iowa, on the brief), for the United States.

Before VAN VALKENBURGH and BOOTH, Circuit Judges, and MUNGER, District Judge.

MUNGER, District Judge.

Appellant was found guilty under three counts of an indictment, the first of which

(27 USCA § 33). It is therefore unnecessary to consider whether the sentence could be sustained under either of the other counts, even if such counts were defective. Claassen v. United States, 142 U. S. 140, 146, 12 S. Ct. 169, 35 L. Ed. 966; Evans v. United States, 153 U. S. 584, 595, 14 S. Ct. 934, 38 L. Ed. 830; Evans v. United States, 153 U. S. 608, 609, 14 S. Ct. 939, 38 L. Ed. 839; Debs v. United States, 249 U. S. 211, 216, 39 S. Ct. 252, 63 L. Ed. 566; United States v. Trenton Potteries Co., 273 U. S. 392, 402, 47 S. Ct. 377, 71 L. Ed. 700, 50 A. L. R. 989, or if the evidence did not support the verdict under such counts, Putnam v. United States, 162 U. S. 687, 707, 714, 16 S. Ct. 923, 40 L. Ed. 1118; Roberts v. United States (C. C. A.) 248 F. 873, 876; Baird v. United States (C. C. A.) 279 F. 509, 511; Mills v. United States (C. C. A.) 294 F. 77, 79; Wisconsin Cent. Ry. Co. v. United States (C. C. A.) 169 F. 76, 80; Norton v. United States (C. C. A.) 205 F. 593, 602; Brand v. United States (C. C. A.) 236 F. 219, 220; Blackstock v. United States (C. C. A.) 261 F. 150, 152; Miller v. United States (C. C. A.) 295 F. 602, 604. The general principle of these cases is stated in Pierce v. United States, 252 U. S. 239, 252, 40 S. Ct. 205, 210, 64 L. Ed. 542, as follows:

"The conceded insufficiency of the first count of the indictment does not warrant a reversal, since the sentences imposed upon Pierce, Creo, and Zeilman did not exceed that which lawfully might have been imposed under the second, third, or sixth counts, so that the concurrent sentence under the first count adds nothing to their punishment. Claassen v. United States, 142 U. S. 140, 146, 12 S. Ct. 169, 35 L. Ed. 966; Evans v. United States (two cases) 153 U. S. 584, 595, 608, 14 S. Ct. 934, 939, 38 L. Ed. 830, 839; Putnam v. United States, 162 U. S. 687, 714, 16 S. Ct. 923, 40 L. Ed. 1118; Abrams v. United States, 250 U. S. 616, 619, 40 S. Ct. 17, 63 L. Ed. 1173."

█ The can containing alcohol was received in evidence, and this is assigned as error. The evidence shows that the room at the head of the stairs, the door of which was five or six feet from the door opening into the soft drink parlor and in which this can was found, was not occupied by any one. The door into this room was unlocked. When the can was offered in evidence, the defendant objected to it on the ground that it was illegally seized. It does not appear that the defendant has ever claimed the premises where the can was seized or has claimed ownership or possession of the can or of its contents. He therefore could make no valid objection that it was illegally seized. McMillan v. United States (C. C. A.) 26 F. (2d) 58; Rosenberg v. United States (C. C. A.) 15 F. (2d) 179; Graham v. United States (C. C. A.) 15 F. (2d) 740; McShann v. United States (C. C. A.) 38 F. (2d) 635; Hogg v. United States (C. C. A.) 35 F. (2d) 954; Remus v. United States (C. C. A.) 291 F. 501; Hale v. Henkel, 201 U. S. 43, 26 S. Ct. 370, 50 L. Ed. 652.

A prior objection had been made to the offer of the can in evidence, assigning no grounds for the objection, and falling within the condemnation of such objections made in Waddell v. United States (C. C. A.) 283 F. 409, and seems not to have been ruled upon.

█ Prior to the offer in evidence of the can containing alcohol, a prohibition agent, who had been called as a witness for the United States, had testified to making the search, and had twice stated that he had found this gallon can about half full of alcohol. No objection was ever made to the reception of this evidence, and no motion was made to exclude it from the consideration of the jury. There was no evidence offered on the part of the defendant to dispute the evidence of the officer as to what he found and seized. A similar situation was presented in the case of Segurola v. United States, 275 U. S. 106, 48 S. Ct. 77, 79, 72 L. Ed. 186. The defendant in that case was convicted of the unlawful transportation of intoxicating liquor, and contended that the trial court erred in failing to sustain his motion, made during the trial, to suppress the use of the liquor as evidence. In passing upon this objection, the Supreme Court noted that no objection was made to the evidence of the officers and of others that liquor was found in the automobile which the defendant was driving, and that no evidence to dispute these facts was offered by the defense. The court then said:

"The results of the search and seizure. were shown by the testimony of the chief of police and of the other witnesses without any objection on behalf of the defendants; and thus was disclosed the fact that the defendants had been engaged in transporting a large amount of liquor in the Buick. No motion was made to strike that evidence out, and no evidence was introduced to contradict what was disclosed by the statements of the chief of police and other witnesses upon this point. The only objection made toward the close of the evidence for the government was

that, when it was proposed to introduce the liquor, it had not been properly identified, but there was ample evidence to show that it had. The motion made thereafter to suppress the liquor as evidence, on the ground that there had. been an illegal search, did not include a motion to strike out the evidence of the witnesses as to what occurred when the car was stopped. The objection to the seizure was plainly an afterthought.

"As there was no evidence introduced by the defendants to refute or deny the testimony unobjected to, which clearly showed the illegal transportation of the liquor and sustained the verdict, the admission in evidence of the liquor and the refusal to permit cross-examination of Ceballos worked no prejudice for which a reversal can be granted."

Applying the principles of that case to the facts in this case, it is not perceived how any prejudice resulted to the appellant from the introduction in evidence of the can and its contents, over his objection to its alleged illegal seizure, when the uncontradicted testimony of the officer who seized the can, describing it and its contents, and given without objection, fully apprised the jury of all the facts that the introduction of the exhibits disclosed.

Complaint is made that the court refused to receive the testimony of a railway conductor as to the condition of one of the prohibition agents after 6 p. m. on January 6; the purpose having been to prove that he was then intoxicated. The substance of the evidence is not set out in the assignment of errors or in the brief, as required by the rules of this court, but the offered evidence was immaterial, as no time of the day had been fixed for the prohibition agent's visits to this soft drink parlor.

The judgment will be affirmed.