## INGRAM v. UNITED STATES.
### No. 9399.

Circuit Court of Appeals, Ninth Circuit.
Aug. 14, 1940.

Sol A. Abrams and Charles E. Gould, both of San Francisco, Cal., for appellant.

Frank J. Hennessy, U. S. Atty. and S. P. Murman, Asst. U. S. Atty., both of San Francisco, Cal. for appellee.

Before GARRECHT, DENMAN, and MATHEWS, Circuit Judges.

GARRECHT, Circuit Judge.

Appellant was convicted upon an indictment in two counts, charging him and one Joseph A. Woods, with violating (first count) the Jones-Miller Act, 42 Stat. 596, 21 U.S.C. § 174, 21 U.S.C.A. § 174, in unlawfully concealing narcotics and (second count) for conspiracy, in unlawfully conspiring to conceal narcotics. 18 U.S.C. § 88, 18 U.S.C.A. § 88.

The only question involved in this appeal is one of search and seizure. All assigned errors relied upon by appellant relate to this subject matter.

Appellant contends that the entry into, search for and seizure of narcotics and personal effects in apartment 302 at 2715 Cabrillo Street in San Francisco, were all in violation of appellant's rights under the Fourth and Fifth Amendments to the Constitution of the United States and that, therefore, appellant's petition to suppress and exclude evidence secured by reason of such search and seizure and his objections to said articles being received in evidence, his motions to strike this evidence, his motions for a directed verdict and in arrest of judgment were each erroneously overruled and denied.

This is the second appeal in this case. The first judgment of conviction was reversed because of improper cross-examination. A petition to suppress this evidence had been heard and denied before the first trial.

Prior to the second trial, appellant, by verified petition, renewed his application to suppress and exclude the evidence in question. This petition alleged that appellant was a lawful occupant and one of the lessees of and jointly entitled to use and possession of the above described apartment and that Federal Narcotic Agents, without his consent and without a search warrant and in violation of his constitutional rights, had entered said premises and seized certain articles therein and were intending to introduce them in evidence against him. A hearing was held on this petition; appellant relying on his verified petition, the government in opposition thereto relied on certain testimony given at a prior hearing

by one of the narcotic agents and upon certain evidence given by Ann Ingram, the wife of appellant, as a witness in his behalf at the first trial.

The testimony of the agent was to the effect that the officers, at the time of the search and seizure, entered the premises upon the invitation of the manager who had previously rented the apartment to a tenant who paid the rent and took a receipt in the name of G. R. Flynn. This man was afterwards indicted jointly with appellant under the name of Joseph A. Woods and pleaded guilty. At the time Woods rented the premises it was specifically understood that the manager would have access to the apartment at any time. After the discovery of the narcotics, one or more of the inspectors remained on guard at the apartment to await developments. On the evening of the second day appellant came to the place and was arrested. At the time he asserted that he had entered the apartment by mistake, that the apartment was not his, and he disclaimed ownership of anything in connection with the apartment.

Upon the first trial:

"Appellant's defense was that the apartment was leased by Woods and his visit there at the time of his arrest was to obtain his clothes which had been deposited there; that the morphine and other articles were not his and none had been placed by him in his suitcase.

"To sustain her husband's defense, Mrs. Ingram testified that she had known appellant's co-defendant Woods since February, 1938, when appellant and herself moved to South San Francisco Auto Court, where they lived in a trailer until April 1, 1938, at which time they moved into an apartment house adjacent to that in which Woods lived. There they stayed until the end of July, 1938. Woods visited them both at the trailer and at the apartment. According to the witness, when appellant and herself moved back to the trailer in the latter part of July, 1938, Woods borrowed appellant's linen for his own apartment. The radio, she said belonged to Woods. She further testified that appellant's discarded wearing apparel was also taken by Woods to his apartment in appellant's suitcase. Mrs. Ingram stated that on August 16, 1938, appellant, Woods, herself and her sister went on a fishing trip. Before leaving, Woods gave appellant the key to his apartment because appellant wanted to get his clothes. On returning, appellant left Mrs. Ingram at the trailer and went to get his clothes in Woods' apartment." 9 Cir., 106 F.2d 683.

This evidence was before the court. The lower court properly denied the preliminary motions to suppress the evidence. During the second trial objections to the evidence were repeatedly made to the offer of any evidence that had been seized as a result of the search or of any facts in relation thereto. The manager of the apartment again testified that she had rented the premises to Flynn alone; that he had taken a receipt in his own name only; that he had agreed that she could enter the apartment at any time. She further testified that she had invited the narcotic inspectors to enter the room without their request. The inspectors corroborated this. At the second trial several of these officers testified that while they were in the room appellant entered; when he saw them he sought to withdraw, explaining that he had made a mistake and had entered the wrong apartment. He insisted he had nothing to do with the apartment and specifically disclaimed all connection or ownership with the property and made no objection to its taking by the officers. This testimony was not controverted.

■ The evidence before the court showed that the apartment was leased by Flynn, who afterward turned out to be appellant's co-defendant Woods. He alone had the right to complain and he did not. The evidence further showed that appellant was residing elsewhere with his wife. If the search and seizure constituted an invasion of the constitutional rights of Joseph Woods, it did not therefore invade the constitutional rights of appellant, the privacy of whose home or place of abode was not violated, nor can he be heard to complain that the rights of his co-defendant had been invaded, nor can he invoke the benefits of the Fourth and Fifth Amendments in behalf of his co-defendant. Hale v. Henkel, 201 U.S. 43, 26 S.Ct. 370, 50 L. Ed. 652; Remus v. United States, 6 Cir., 291 F. 501, 511.

■ As noted, Flynn or Woods, the sole lessee of the premises as shown by the evidence, made no complaint or effort to suppress the evidence. The right to complain because of an illegal search and seizure is a privilege personal to the wronged or injured party, and is not available to anyone else. Cornelius on Search and Seizure, § 12, p. 62; MacDaniel v.

United States, 6 Cir., 294 F. 769. Where the defendant disclaimed ownership of the property seized, he cannot complain of the illegality of the search. Kwong How v. United States, 9 Cir., 71 F.2d 71; Goldberg v. United States, 5 Cir., 297 F. 98, 101; Driskill v. United States, 9 Cir., 281 F. 146.

Affirmed.