## BURWELL v. UNITED STATES.
### No. 5049.

Circuit Court of Appeals, Fourth Circuit.

July 26, 1943.

---

T. X. Parsons, of Roanoke, Va. (Showalter, Parsons, Kuyk & Staples, of Roanoke, Va., on the brief), for appellant.

F. S. Tavenner, Jr., U. S. Atty., of Woodstock, Va., and Howard C. Gilmer, Jr., Asst. U. S. Atty., of Pulaski, Va. (Wendell Berge, Asst. Atty. Gen., and Nathan T. Elliff, Sp. Asst. to the Atty. Gen., on the brief), for appellee.

Before DOBIE and NORTHCOTT, Circuit Judges, and MOORE, District Judge.

PER CURIAM.

Appellant, John Edward Burwell, Jr., was indicted, tried and convicted in the United States District Court for the Western District of Virginia for a violation of the Selective Service and Training Act of 1940, 50 U.S.C.A.Appendix, § 311, in that he knowingly hindered and interfered by force with the administration of that Act. A sentence of sixteen months imprisonment was imposed upon him.

Dr. F. Clyde Bedsaul, the official doctor for the Floyd County Draft Board, examined appellant on June 20, 1942. At this time, Dr. Bedsaul made an entry on appellant's papers stating that appellant was suspected of malingering. Appellant, in some manner, managed to see this notation and six months later, while being privately treated by Dr. Bedsaul for a burn, inquired whether Dr. Bedsaul had signed this statement that appellant was suspected of malingering. When Dr. Bedsaul admitted the fact, appellant immediately assaulted Dr. Bedsaul and struck him a number of times.

In the trial below, Dr. Bedsaul testified that this attack interfered with his work for the Draft Board since he did not feel his "job as examiner would be safe if (he) had to be beat up by a registrant".

It is obvious that "the orderly functioning of the board could not continue if its members were physically incapacitated from attending meetings or if any one of them was restrained from exercising his free judgment by fear". Moore v. United States, 5 Cir., 128 F.2d 974, 976.

Appellant, however, complains of the court's charge to the jury in the instant case and claims that it was tantamount to directing a verdict of appellant's guilt. If this were so, the conviction below would, of course, have to be set aside. But such is not the case and we are of the opinion that the instructions of the trial judge do not warrant a reversal of the judgment below. The trial judge, we think, specifically submitted to the jury the issue of appellant's guilt or innocence; the court's instructions, in fact and in law, did not direct the jury to bring in a verdict of guilty.

After an interval, the jury, which had retired to consider its verdict, returned, requested further instructions from the court, and these were given. After another interval, the jury again returned and again the judge gave still further instructions. Appellant's counsel emphatically object to these last instructions and particularly to the italicized portion of the last part of the charge, which was as follows:

"In this case, (1) the *defendant did know this doctor was connected with the administration of the act and* (2) *the subject of his grievance was something the doctor had done in the performance of his duties and* (3) *the reason for the attack was because performance of his duties and* (4) *the act itself was an interference with the doctor in the performance of his duty.* Now, it seems that what I have said, as to the 'knowingly', sufficiently covers that, *unless you were to believe, of which there is very little evidence, that this defendant in this case was so drunk he didn't know what he was doing and had no conscious knowledge of making this attack.*" (Italics and numbers inserted in parentheses are ours.)

As we have indicated above by inserted numerals, the trial judge, in the italicized sentence, made four positive and dogmatic statements. As to the first three of these statements, the appellant, in his own testimony frankly and freely admitted their truth. In the light of the evidence in this case, there was no reversible error in the fourth statement. See O'Hare v. United States, 8 Cir., 253 F. 538, certiorari denied, 249 U.S. 598, 39 S.Ct. 257, 63 L.Ed. 795; Doe v. United States, 8 Cir., 253 F. 903; Coldwell v. United States, 1 Cir., 256 F. 805, certiorari denied, 250 U.S. 661, 40 S.Ct. 10, 63 L.Ed. 1195.

Less drastic words might well have been used in the charge to the jury. But

the instructions must be read as a whole. When so read, we cannot agree with the contention of appellant's counsel that "the effect of the additional instructions, as well as the previous ones, was to tell the jury, as a matter of law, that the defendant was guilty, and to direct a verdict of guilty as charged in the indictment".

We have examined with great care the entire record in this case, as well as appellant's other assignments of error, but they do not disclose, we think, any irregularities in the trial below which would require a reversal of the case. Appellant has had a fair trial by an impartial court and unbiased jury.

The judgment of the lower court is therefore affirmed.

Affirmed.