**Shelly FISHER, Appellant,**

v.

**UNITED STATES of America,**
Appellee.

No. 14687.

United States Court of Appeals
Ninth Circuit.

Nov. 14, 1955.

Martha Malone Jefferson, Harrison M. Dunham, Los Angeles, Cal., for appellant.

Laughlin E. Waters, U. S. Atty., Cecil Hicks, Jr., Louis Lee Abbott, Asst. U. S. Attys., Los Angeles, Cal., for appellee.

Before MATHEWS and FEE, Circuit Judges, and FOLEY, District Judge.

FOLEY, District Judge.

Appellant was tried by the Court sitting without a jury and convicted on Counts Three and Four of the indictment. Count Three charged appellant and co-defendant Shurley Oliver Burse with selling and facilitating the sale of 92 grains of heroin, in violation of 21 U.S.C.A. § 174, and Count Four charged appellant and the same co-defendant with receiving, concealing and facilitating the transportation of approximately 450 grains of heroin, in violation of 21 U.S.C.A. § 174.

Appellant was sentenced to imprisonment for five years on Count Three and for five years on Count Four, and fined $25 on each, the sentence of imprisonment to run consecutively.

Appellant contends that the evidence is insufficient to sustain the judgment of conviction on either Count Three or Count Four and that the Trial Court erred in not granting appellant's motion for acquittal. He also complains that essential evidence was obtained through illegal search and seizure.

At about 8:00 a. m. of July 22, 1954, in the City of Los Angeles, California, Federal Narcotic Agent Malcolm Richards accompanied co-defendant Burse to his home and after arriving

there at about 8:30 a. m., the Agent and Burse engaged in a conversation after which Burse made a telephone call. After an intervening call the telephone again rang at about 9:30 a. m. and on this occasion Burse addressed someone by the name of "Shelly". Upon completion of this last telephone call and after another conversation, the Agent gave Burse $155 in currency, the serial numbers of which had been earlier recorded. Thereafter, Burse and the Agent proceeded to 35th Place and Denker Avenue in Los Angeles. There Burse left the automobile and upon his return 15 or 20 minutes later handed to Richards a brown paper with an envelope in it containing narcotics. The narcotics were admitted into evidence as Exhibit 2 and the envelope containing the narcotics was admitted as Exhibit 2a and the paper in which the envelope was wrapped was admitted into evidence as Exhibits 2b and 2c. A few minutes after handing the narcotics to Agent Richards Burse was placed under arrest and taken by Agent Richards to the home of a Deputy Sheriff where they were joined by other officers. Burse was searched and found to have $25 of the money earlier given to him by the Narcotic Agent.

After talking to the officers, Burse was taken to an address on Rimpau Boulevard where Burse pointed out a 1941 Packard automobile. Burse was then taken to the vicinity of Normandie and Adams Boulevard where, in the presence of the officers, he made a telephone call. He spoke to some individual and asked to have Shelly call him back at that number. About two or three minutes later the telephone rang and he answered it. Burse then said, "Meet you over at 36th Street and 9th Avenue," and then handed the telephone receiver to Agent Richards who heard a man's voice say, "36th Street and 9th Avenue in a few minutes." Meanwhile, other officers had remained at the Rimpau Boulevard address and at about 1:00 p. m. (the approximate time of the last mentioned telephone conversation of Burse's), appellant Shelly Fisher was observed leaving the address on Rimpau Boulevard, entering the Packard automobile earlier pointed out by Burse, and driving away. Appellant was followed by the officers to the vicinity of Montclair and Chico Streets in Los Angeles. He was seen entering an apartment house on Montclair Street and proceeding to a landing where there were two apartments. Fisher then left the apartment house and drove to 36th Street and 9th Avenue where Burse and Agent Richards were waiting. Burse entered appellant's car and appellant drove away, officers followed and placed him under arrest. $120 of the money given Burse that morning by Agent Richards and a key which was found to be to one of the two Montclair apartments on the landing where he had previously been observed were then taken from appellant. Appellant stated the key was to a pool hall on Avalon Boulevard. The officers with Burse and appellant Fisher then went to the apartment house on Montclair Street, they proceeded to the landing and the key fit the lock to the door of the apartment, the address of which was 3809¾ Montclair Street. At the apartment Fisher stated he did not know whose apartment it was and upon entering the apartment Fisher said, in response to a question as to whose apartment it was: "I don't know. If you want to search some strange person's apartment go ahead." However, Flora Frazier, the occupant of the apartment, testified at the trial that she had given a key to her apartment to the appellant's wife in his presence. The apartment was searched and heroin and miscellaneous items were found there. Appellant was asked if he knew anything about the narcotics found there in his presence. He answered, "I don't know anything about it." He denied ownership and disclaimed any possession or connection with the narcotics or the other material found. Also found in the apartment was a portion of a paper sack, Exhibit 8, from which had been torn the piece of paper in which Burse delivered the narcotics to Agent Richards earlier that day, Exhibits 2b and 2c.

The above and other evidence in the record amply support the judgment.

 The appellant was not the occupant of the Montclair apartment and when informed by the officers of their intention or desire to search, he stated that he did not know whose apartment it was and, as far as he was concerned, consented to the search. He steadfastly denied ownership of the narcotics therein found. Under the circumstances here the exhibits found in the apartment were properly received in evidence. They were not obtained by illegal search and seizure and would have been admissible even in the face of timely objection or motion to suppress. Ingram v. United States, 9 Cir., 113 F.2d 966.

Judgment affirmed.