## LUSCO v. UNITED STATES.

(Circuit Court of Appeals, Second Circuit. January 2, 1923.)

No. 117.

1. **Criminal law ☞1036(1), 1044—Objection evidence was secured by unlawful search must be raised at trial, and motion made to exclude such evidence.**

Where two defendants were jointly tried, and no objection was made on behalf of one of them that evidence was procured by unlawful search, and no motion made to exclude the evidence in his behalf, it is too late for him to raise that question on writ of error, though it was raised by his codefendant at the trial.

2. **Searches and seizures ☞7—Accused cannot avail himself of protection against unlawful search of codefendant's premises.**

The protection accorded by the Fourth Amendment against illegal search and seizure cannot be availed of by a codefendant of the person whose premises were searched.

3. **Criminal law ☞1170½(6)—Examination of defendant's wife by court held not prejudicial.**

In a prosecution for violating Anti-Narcotic Act Dec. 17, 1914, as amended (Comp. St. Ann. Supp. 1919, § 6287g et seq.), where defendant's wife testified in his behalf, her examination by the court to determine whether marked money, which the detectives testified they had paid to defendant for the narcotics, had been found in the house, was not prejudicial to defendant if her testimony indicated the money was not found, and the court thereafter charged the jury that there was no evidence that the money was found.

In Error to the District Court of the United States for the Southern District of New York.

Emanuel Lusco was convicted of violating the Harrison Anti-Narcotic Act, and he brings error. Affirmed.

Writ of error to a judgment entered by the District Court for the Southern District of New York upon the verdict of a jury finding defendant guilty of all six counts of an indictment under the act of December 17, 1914, as amended (Comp. St. Ann. Supp. 1919, § 6287g et seq.).

Alfred M. Bailey, of New York City (Solon Weit, of New York City, of counsel), for plaintiff in error.

William Hayward, U. S. Atty., of New York City (Moses Polakoff, Asst. U. S. Atty., of New York City, of counsel), for the United States.

Before ROGERS, HOUGH, and MAYER, Circuit Judges.

MAYER, Circuit Judge. The essential facts which led to the conviction of Lusco may be found in the opinion of Ganci v. United States (C. C. A.) 287 Fed. 60, filed contemporaneously herewith. In addition there were further details which served to emphasize the testimony of Smith and the officers. The verdict of guilty was amply supported by the evidence, and we need notice only two assignments of error:

(1) When Exhibits 4 to 9, inclusive, were offered and received in evidence against both defendants neither objection nor motion of any kind was made on behalf of Lusco. It is now urged that the admission of these exhibits as against Lusco was error.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

[1, 2] On this record and in view of the testimony, it is too late to raise this question now; but, even if raised, it would be of no service to defendant. The protection of the Fourth Amendment safeguarded Ganci, but the illegal search and seizure as against Ganci cannot be availed of by Lusco. Haywood v. United States (C. C. A.) 268 Fed. 795, 803, 804.

[3] (2) Defendant called his wife as a witness. Smith had testified as to paying Lusco $64 of marked money for the narcotics, and Manning and Pacetta had testified that, after they had arrested Lusco, they visited his premises. In view of defendant's objection, the officers were not permitted to testify as to what they did or what, if anything, they found upon this visit. Mrs. Lusco testified that she had never seen Smith. The prosecuting attorney did not ask any questions on cross-examination, but the court asked questions and received answers, as follows:

"Q. Do you remember the officers coming to your house? A. Yes; I remember.

"Q. Did they go in the house? A. Yes.

"Q. Did you give them any permission to go into the house? A. There wasn't nobody in the house; I had gone out.

"Q. Well, did you come back and find any officers there? A. Yes; I found the door broken down.

"Q. What sort of a chiffonier have you in your house, a bureau or dresser—what kind of wood? A. It was a light color; I don't know the kind of wood.

"Q. Light spots in it? A. With a looking glass and bureau underneath.

"Q. It was light-colored wood; did it have light spots in it? A. No.

"Q. Where did you keep your pocketbook? A. In the bureau.

"Q. What drawer of the bureau? A. The upper drawer on the right-hand side.

"Q. How much money was in that pocketbook that day? A. $114, because my husband was to buy a business.

"Q. Your husband had to buy a business—had there been $114 in it all day? A. Yes.

"Q. Since when? A. It was nearly three days, because my husband was looking to buy a business.

"Q. Was any of that money taken away by the officers?

"Mr. Leckhart: I object to that as immaterial, irrelevant, and incompetent.

"The Court: Overruled.

"A. Yes.

"Q. Do you know how much they took away? A. I don't know what they took away. There was one thousand and $14, and I find $275."

The court was evidently seeking to ascertain whether the money was marked money. The result of the court's questioning was that there was no evidence in respect of finding any marked money, and, in effect there was nothing in this testimony which could, in any manner, prejudice the defendant. The court was careful to instruct the jury in a manner which could have left no doubt in the mind of the jury on this point. Counsel asked the court to charge the jury that there was no evidence that any marked money was found on the defendant Lusco, and the court charged:

"There is no evidence that marked money was found, but there is evidence that the marked money was paid to the defendant by the witness Smith."

Judgment affirmed.