## SCHWARTZ v. UNITED STATES.

(Circuit Court of Appeals, Fifth Circuit. November 28, 1923.)

No. 4049.

1. **Criminal law ⬥394—Evidence obtained by violating right of privacy of one defendant held admissible against a codefendant.**

In a prosecution for violating the Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.), that evidence was obtained as a result of violating the right of privacy of one defendant, accorded by Const. Amend. 4, through a search and seizure without legal warrant, did not render it inadmissible against a codefendant.

2. **Criminal law ⬥1086(14)—Rulings by court, not shown by bill of exceptions to have been excepted to, will not be considered.**

In a criminal prosecution, the action of the court, on exceptions to remarks of prosecuting attorney in his argument, not shown by the bill of exceptions to have been excepted to, will not be considered on appeal.

3. **Criminal law ⬥721(6)—Remarks of district attorney held not improper, as referring to defendant's failure to testify.**

In a prosecution for violating the Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.), that the district attorney in his argument stated that, if defendant "is not a bootlegger, there would be some evidence before you here to show it," held not subject to objection, as referring to defendant's failure to testify.

In error to the District Court of the United States for the Western District of Texas; Duval West, Judge.

Paul R. Schwartz was convicted, with others, of unlawfully having in his possession intoxicating liquor, of unlawfully manufacturing for beverage purposes, and of having in possession property designed for the manufacture of intoxicating liquor, and he brings error. Affirmed.

Leonard Brown, of San Antonio, Tex., for plaintiff in error.

W. C. Williams, Asst. U. S. Atty., of San Antonio, Tex. (John D. Hartman, U. S. Atty., of San Antonio, Tex., on the brief), for the United States.

Before WALKER and BRYAN, Circuit Judges, and GRUBB, District Judge.

WALKER, Circuit Judge. The information in this case contained three counts, which, respectively, charged Paul R. Schwartz, Forest Morgan, and Frank Mazurek with unlawfully, etc., having in their possession described intoxicating liquor, with unlawfully, etc., manufacturing, for beverage purposes, described intoxicating liquor, and with unlawfully, etc., having in their possession and under their control described property designed for the manufacture of intoxicating ·liquor, then and there intending to use said property in the manufacture of intoxicating liquor for beverage purposes. The three defendants were convicted. Schwartz alone brings the case to this court by writ of error.

The defendants excepted to the overruling of an objection made by them to the admission of evidence as to stills, mash, and intoxicat-

⬥For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

ing liquor found in a house on a search thereof without a search warrant, after the officers making the search had from the outside seen a still in the house through an open door thereof. The ground of the objection was that the house was the home of Morgan, used by him as his dwelling and home, and that the same was illegally invaded by a search without a search warrant. The defendants also excepted to the overruling of a motion, made by them upon the conclusion of the evidence offered by the government, to instruct the jury to find a verdict of not guilty, on the ground that evidence showed that the dwelling occupied by the defendant Morgan was searched without a legal search warrant being issued, and that, except the evidence so obtained, there was no evidence showing that defendants were guilty of the offenses charged in the information.

[1] There was no evidence tending to prove, and, so far as appears, there was no claim, that the house in question was the home of Schwartz, or was used by him as a dwelling place. The ground upon which the above-mentioned objection and motion were based was not available to Schwartz. The admissibility of the evidence against Schwartz was not affected by the circumstance that it was obtained as a result of a violation of Morgan's right of privacy, accorded by the Fourth Amendment. Hale v. Henkel, 201 U. S. 43, 26 Sup. Ct. 370, 50 L. Ed. 652; Haywood v. United States (C. C. A.) 268 Fed. 795; Lusco v. United States (C. C. A.) 287 Fed. 69; Remus v. United States (C. C. A.) 291 Fed. 501.

[2] The bill of exceptions shows that, several times during the argument of an assistant district attorney, Schwartz "excepted" to remarks included in that argument, whereupon the court made a statement to the jury with reference to the remarks so brought into question. Except as stated below, it is not shown by the bill of exceptions that the action taken by the court with reference to such remarks was excepted to. It follows that, except in the instance mentioned below, the court's action in that regard is not presented for review.

[3] The bill of exceptions shows that, upon the assistant district attorney stating to the jury, during his argument, "If Schwartz is not a bootlegger, there would be some evidence before you here to show it," Schwartz excepted to that remark on the ground that it was a reference to his failure to testify. Thereupon, as stated in the bill of exceptions, "the court remarked, 'I will overrule the objection,' to which the defendant excepted." The above-quoted remark of counsel was not subject to objection on the ground stated. It did not make or import a reference to Schwartz's failure to testify.

Schwartz excepted to the overruling of a motion made by him to instruct a verdict of not guilty as to him, on the ground that there was no evidence of probative force offered by the government which connected him with the offense charged, so as to make him a principal. That ruling was not erroneous, as there was evidence tending to prove that Schwartz knowingly aided his codefendants in committing an offense charged. Criminal Code, § 332 (Comp. St. § 10506).

The judgment is affirmed.