## LEWIS et al. v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. June 1, 1925.   Rehearing Denied June 29, 1925.)

No. 4480.

1. Searches and seizures ⟝3 — Validity of search warrant cannot be questioned by one having no interest.

The validity of a search warrant cannot be questioned by one claiming no interest in the premises searched or the property seized.

2. Criminal law ⟝200(6)—There may be conviction both for conspiracy and for consummated offense.

There may be a conviction for a conspiracy to commit an offense and a conviction for the consummated offense which was the object of the conspiracy.

In Error to the District Court of the United States for the Northern Division of the Western District of Washington; Jeremiah Neterer, Judge.

Criminal prosecution by the United States against Wilbur F. Lewis and Albert F. Ser-

ges for conspiracy to violate the National Prohibition Act. Judgment of conviction, and defendants bring error. Affirmed.

Alexander, Bundy & Swale, of Seattle, Wash., for plaintiffs in error.

Thos. P. Revelle, U. S. Atty., and C. T. McKinney, Asst. U. S. Atty., both of Seattle, Wash.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

RUDKIN, Circuit Judge. The indictment in this case charges a conspiracy to violate the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.) by possessing, transporting, and selling intoxicating liquor, and by maintaining a common nuisance at certain places within the city of Seattle; also the crimes of transporting intoxicating liquor and maintaining a common nuisance. The testimony on the part of the government tended to show that two federal prohibition agents observed the defendants leaving an apartment house on the corner of Ninth avenue and Union street in the city of Seattle, and entering an automobile. One of the defendants was carrying a brief case, which appeared to be empty. The agents followed the defendants to another apartment house on Eighth avenue. The defendants entered the latter and returned in about 10 minutes with the same brief case. When they returned, however, the brief case appeared to contain some heavy objects. The defendants again entered the automobile, and upon the approach of the agents one of the defendants jumped from the car and threw the brief case into the street. The defendants were thereupon placed under arrest, and the brief case was found to contain broken bottles and intoxicating liquor.

Before the arrest two search warrants were procured by prohibition agents. The first authorized a search of all rooms on the second floor of the Cambridge Apartments, on the southeast corner of Ninth avenue and Union street, in the city of Seattle, under the control of the defendants, and especially apartment No. 218. The second authorized a search of the premises described as 1615 Eighth avenue. The defendants interposed a timely motion to suppress all evidence relating to the searches and seizures under the two search warrants, and also to the brief case and automobile seized at the time of the arrest.

The present writ of error was sued out to review a judgment of conviction. The assignments of error challenge the sufficiency of the indictment, the sufficiency of the testimony to justify the verdict, the validity of the two search warrants, and the sufficiency of the count charging a common nuisance, inasmuch as the offense therein charged is included in the conspiracy count or charge. No objection was interposed to the indictment until after trial and conviction, and the indictment is manifestly sufficient as against such an objection urged at such a time. In addition to what we have already said, the testimony showed without contradiction that the two plaintiffs in error had been operating together, possessing, transporting, and selling intoxicating liquor for some months before their arrest, one performing one part and the other another part. This was ample to sustain the charge of conspiracy, and, inasmuch as a conspiracy to commit a misdemeanor is an offense under section 37 of the Penal Code (Comp. St. § 10201), the courts are not concerned with the justice or propriety of prosecuting for the felony where the misdemeanor has been consummated.

[1] The premises described in the first search warrant were searched with the consent of the plaintiffs in error, so that we are not concerned with the validity of that warrant. In regard to the second warrant the plaintiffs in error, in their petition to suppress, made no claim either to the premises searched or to the property seized, and, in the absence of such a claim, they are in no position to raise the objection that the search was unreasonable or unauthorized, or that their constitutional rights were invaded. We must not be understood, however, as attempting to sustain the validity of a search warrant for an entire apartment house, described only by number, when it is made to appear that the house contained 25 apartments, all occupied by different families, and there was no claim or pretense that liquor was sold from any except one.

[2] Inasmuch as the sentences imposed under the first and third counts run concurrently, and the sentence under the third count will expire long before the sentence under the first count, it is perhaps needless to inquire as to the validity of the conviction under the third count, although the rule is well settled that there may be a conviction for a conspiracy to commit an offense and a conviction for the consummated offense which was the object of the conspiracy.

The judgment is affirmed.