## UNITED STATES v. GASS.

(District Court, M. D. Pennsylvania.
August 21, 1926.)

No. 3535.

**Searches and seizures ⬯7.**

Defendant, not the owner of premises searched, nor of any interest therein, nor of the property seized, *held* not entitled to raise question of legality of search warrant under Const. Amend. 4.

Otto Gass, owner, operating under the name of the Fell Brewing Company, Inc., was charged with the illegal manufacture of intoxicating liquor. On petition and rule granted thereon to show cause why search warrant should not be quashed. Petition dismissed, and rule to show cause discharged.

Andrew Hourigan, of Wilkes-Barre, Pa., for petitioner.

Andrew B. Dunsmore, U. S. Atty., of Wellsboro, Pa., and Herman F. Reich, Asst. U. S. Atty., of Sunbury, Pa.

JOHNSON, District Judge. This is a petition and rule granted thereon to show cause why a search warrant should not be quashed.

James A. Moran, the petitioner herein, who was arrested on the charge of illegal manufacture of intoxicating liquor, alleges that the search warrant, which led to the discovery of the illegal manufacture of intoxicating liquor and the subsequent arrest of the petitioner, was invalid and void, and sets out eighteen reasons, among which are the following, which will be considered:

"(1) The said search warrant was issued in violation of the rights and privileges granted to your petitioner by the Constitution of the United States.

"(2) That the said search warrant is an attempt to take, confiscate, and destroy property without due process of law."

The petition does not allege that Moran was the owner or had any interest in the property searched. He prays that the search warrant be quashed, all property taken under the same be returned, and that the United States government and its officers be precluded from using in evidence any of the property so seized or any clues or leads obtained therefrom.

Thereupon Herman F. Reich, assistant United States attorney, petitioned the court to dismiss the said petition and rule granted thereon for the following reasons:

"(1) The said Joseph Moran is not a person mentioned in the search warrant to which the said petition relates.

"(2) That the said Joseph Moran is not the owner of the said premises, and has alleged no interest therein.

"(3) The said Joseph Moran in his said petition does not claim to be the owner of the property seized under the said search warrant.

"(4) That the said Joseph Moran has not set forth in his petition any interest in the said search warrant or any facts entitling him

to the consideration of the prayers set forth in his petition."

The question raised by the petition and rule and the petition to dismiss is whether Moran, who, in so far as the petition shows, was not the owner of the premises searched and had no interest therein nor in any property seized, can raise the question of illegality of the search warrant.

This question was decided adversely to the contention of Moran by Judge Woolley in A. Guckenheimer & Bros. Co. et al. v. United States (C. C. A.) 3 F.(2d) 786, where the following rule was laid down:

"Next, it is clear that a question of the lawfulness of a seizure can be raised only by one whose rights have been invaded. Certainly such a seizure, if unlawful, could not affect the constitutional rights of defendants whose property had not been seized or the privacy of whose homes had not been disturbed; nor could they claim for themselves the benefits of the Fourth Amendment when its violation, if any, was with reference to the rights of another. Remus v. United States (C. C. A.) 291 F. 501, 510, 511. It follows, therefore, that the question of the admissibility of the evidence based on an alleged unlawful search and seizure does not extend to the personal defendants, but embraces only the corporation whose property was taken."

And in Newingham et al. v. United States (C. C. A.) 4 F.(2d) 490, on page 493, Judge Woolley said:

"First, discriminating between papers which belonged to the corporation and papers which belonged to the defendants, we hold, under our ruling in Guckenheimer & Brothers Company v. United States (C. C. A.) 3 F. (2d) 786, that the defendants cannot avail themselves of irregularities or infirmities in a search and seizure of papers belonging to another."

The Fourth Amendment to the Constitution of the United States provides that:

"The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."

But, this provision of our Constitution relates to the owner of the property.

The question of the lawfulness of the seizure in this case cannot be raised by Moran, whose property has not been seized and the privacy of whose home has not been disturbed; this is clearly ruled by the authorities cited above.

The petition to dismiss Moran's petition and the rule granted thereon must therefore be sustained, and Moran's petition dismissed, and the rule granted thereon discharged.

And now, August 21, 1926, the petition to dismiss is sustained, the petition to quash the search warrant is dismissed, and the rule to show cause is discharged.