CANTRELL et al. v. UNITED STATES.

HUNNICUTT v. SAME.

(Circuit Court of Appeals, Fifth Circuit. November 22, 1926.)

Nos. 4785, 4842.

1. **Searches and seizures** ☞7—**Defendant, who was not occupant of premises, could not complain that search was unreasonable.**

Defendants, who were not occupants of premises where intoxicating liquor was found, are not entitled to complain that search was unreasonable.

2. **Searches and seizures** ☞7—**Consent to search renders validity of search warrant immaterial.**

Where search of premises was made with occupant's permission and consent, validity of search warrant is immaterial.

3. **Criminal law** ☞1134(3)—**Where evidence sustains conviction under conspiracy count, and sentence was less than could have been imposed thereunder, sufficiency of evidence as to substantive offenses was immaterial (Comp. St. §§ 5993, 5994, 5997, 6022; Criminal Code, § 37 [Comp. St. § 10201]).**

Where evidence would sustain conviction on count under Criminal Code, § 37 (Comp. St. § 10201), for conspiracy to violate Rev. St. §§ 3257, 3258, 3260, 3282 (Comp. St. §§ 5993, 5994, 5997, 6022), relative to possessing and operating a still without registering it, and sentence was less than could have been imposed thereunder, sufficiency of evidence to sustain substantive offenses was immaterial.

In Error to the District Court of the United States for the Northern District of Texas; William H. Atwell, Judge.

E. B. Cantrell and others were convicted of possessing a still without having registered it, engaging in business of distillers without giving bond, with carrying on that business with intent to defraud government of tax on distilled spirits, with making mash for distillation of whisky on premises other than distillery duly authorized by law, and with conspiracy to commit substantive offenses, and they bring error. Affirmed.

W. J. Rutledge, Jr., and Webster Atwell, both of Dallas, Tex., for plaintiffs in error.

Henry Zweifel, U. S. Atty., of Fort Worth, Tex., Sarah Cory Menezes, Asst. U. S. Atty., of Dallas, Tex., and David C. McCaleb, Asst. U. S. Atty., of Fort Worth, Tex.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

BRYAN, Circuit Judge. The defendants, Cantrell, Hunnicutt, Kerr, and Johnson, were convicted upon an indictment charging them, in separate counts, with having in their pos-

session a still for the purpose of distilling spirits without having first registered the same, with engaging in the business of distillers without giving bond, with carrying on that business with intent to defraud the government of its tax on distilled spirits, and with making mash fit for the distillation of whisky on premises other than a distillery duly authorized by law, all in violation of the requirements of sections 3258, 3260, 3257, and 3282 (Comp. St. §§ 5994, 5997, 5993, 6022), respectively, of the Revised Statutes. They were also convicted on an additional count charging them with conspiracy to commit the substantive offenses set out in the other counts, in violation of section 37 of the Criminal Code (Comp. St. § 10201).

The evidence disclosed the following state of facts:

The defendant Cantrell owned a city lot in Dallas. He built a house and garage on it. Under the house, and below the surface of the ground, he built a basement, which he connected with the garage by an underground passageway, which extended under the concrete floor of the garage. The walls, floor, and ceiling of the basement and passageway were made of cement. There was no opening between the house and the basement. However, a square of the concrete floor of the garage was so constructed and arranged that, by means of a hoist, it could be lowered into the passageway and raised again to the level of the floor. When it was lowered, it afforded an entrance through the passageway into the basement, and when it was raised it had the appearance of being nothing more than a part of the garage floor. A concrete door was also provided at the entrance from the passageway into the basement, which, when closed, had the appearance of a blank wall. The defendant Hunnicutt was on the premises during the building operations, and remained at the house for a time after they were completed.

A prohibition agent procured a search warrant purporting to authorize a search of the house for intoxicating liquors. He called at the house to make a search, and was met at the door by the defendant Kerr. A search of the house failed to disclose any evidence of a violation of law, and then, with Kerr's consent, the search was continued into the back yard, where a water pipe was found leading from back of a water meter in the direction of the garage. The agent went into the garage to investigate further, and discovered there was a false floor and an excavation underneath. Kerr then said he would have the cement block leading to the underground passage lowered, and did so. That having been done, the prohibition agent went through the passage and into the basement, where he found a large quantity of intoxicating liquors, and a distillery in full blast, in the immediate charge of the defendant Johnson.

[1-3] It is contended that the search warrant was issued upon insufficient evidence, but, if valid, that it only authorized a search of the house, and not of the garage, or of the underground passageway and basement. We do not find it necessary to base our decision upon the validity of the search warrant, and therefore the evidence upon which it was issued need not be stated or considered. The search of the house proper did not result in the discovery of any evidence that was harmful to the defendants or either of them. The search that was made of other parts of the premises, and which resulted in the discovery of incriminating evidence, was made with the consent of Kerr, who may have been induced not to object by the belief that the distillery was so well concealed that a search would avail nothing and would not be repeated. The other defendants are not entitled to complain, because it cannot be contended that the search was unreasonable as to them, since they do not claim that they were occupants of the premises. Schwartz v. United States (C. C. A.) 294 F. 528; Tritico v. United States (C. C. A.) 4 F.(2d) 664. The question whether the search of the garage, the underground passage, and basement would have been authorized without a warrant, upon objection being made, does not arise, because it was made by the permission and with the consent of Kerr, who was in charge of the whole premises.

It is not insisted that the evidence was insufficient to show the guilt of Kerr and Johnson, but only that the search was unauthorized, and that consequently the evidence upon which they were convicted was inadmissible. In our opinion the search was lawfully made. Cantrell's connection with the whole matter was clearly shown by the evidence. He was the owner of the lot, and was actively engaged in the preparations for and the installation of the distillery. Hunnicutt was present on the premises during the period of preparation, and in all probability after the operations of the distillery were begun, and the jury might well infer that he had a guilty connection, rather than that he was an innocent occupant of the house. The evidence was sufficiently convincing to sustain the conviction of all the defendants under the conspiracy count, and, as the sentences were less than could have been imposed under that

count, it becomes unnecessary to consider the sufficiency of the evidence as to the other counts.

This opinion is not to be construed as holding that the under ground basement was kept from being a part of the house by reason of the fact that no direct means of access between them, by door or otherwise, was provided. We simply do not pass upon the validity of the search warrant, because the consent that was given to search the premises operated to waive any necessity for a warrant.

The judgments are affirmed.