### UNITED STATES v. GASS.

(District Court, M. D. Pennsylvania.  March 1, 1927.)

#### No. 3535.

I. **Searches and seizures ⬅7(26)—Validity of search warrant may be questioned only by owner of premises searched or property seized.**

The question of the validity of a search warrant, or the legality of a search and seizure, may be raised only by the owner of the premises searched, or the property seized.

2. **Constitutional law ⬅42—Constitutional provision against unreasonable searches and seizures cannot be invoked by one whose rights have not been invaded.**

The constitutional provisions against unreasonable searches and seizures are for the protection of personal and property rights, and cannot be invoked by one whose rights have not been invaded.

Criminal prosecution by the United States against Otto Gass, owner, operating under the name of the Fell Brewing Company, Inc. On rule to show cause why search warrant should not be quashed, granted on petition of Joseph A. Moran, and motion to dismiss the petition and discharge the rule. Petition dismissed, and rule discharged.

Andrew B. Dunsmore, U. S. Atty., of Wellsboro, Pa., and Herman F. Reich, Asst. U. S. Atty., of Sunbury, Pa.

Andrew Hourigan, of Wilkes Barre, Pa., for petitioner.

JOHNSON, District Judge. On petition, the court granted a rule to show cause why the search warrant in this case should not be quashed. We now have for disposition the motion to dismiss this petition and the rule granted thereon.

Joseph A. Moran, the petitioner herein, who was arrested on the charge of the illegal manufacture of intoxicating liquor, alleges that the search warrant which led to the discovery of the illegal manufacture of intoxicating liquor and the subsequent arrest of the petitioner is invalid and void, and sets out 14 reasons among which are the following which will be considered.

"(1) That the said search warrant was issued in violation of the rights and privileges granted to the owner of the premises and his servants and agents by the Constitution of the United States.

"(2) That the said search warrant is an attempt to take, confiscate, and destroy property without due process of law."

"(7) The search warrant was not issued upon probable cause."

In United States v. Gass (D. C.) 14 F. (2d) 229, it was said:

"The petition does not allege that Moran was the owner or had any interest in the property searched. He prays that the search warrant be quashed, all property taken under the same be returned, and that the United States government and its officers be precluded from using in evidence any of the property so seized or any clues or leads obtained therefrom."

What was said when this case was before the court heretofore is true now.

Thereupon a motion was filed by the United States attorney to dismiss the said petition and rule granted thereon for the following reasons:

"(1) The said Joseph A. Moran is not a person mentioned in the search warrant to which said petition relates.

"(2) That the said Joseph A. Moran is not the owner of the said premises, and has alleged no interest therein. .

"(3) The said Joseph A. Moran in his said petition does not claim to be the owner of the property seized under the said search warrant.

"(4) That the said Joseph A. Moran has not set forth in his petition any interest in the said search warrant or any facts entitling him to the consideration of the prayers set forth in his petition."

The petition for the present rule contains the following allegation, which was not contained in the petition for the former rule:

"That your petitioner and the persons arrested with him were employees and servants of Otto Gass, the owner of the premises; that they were bona fide in his employ and subject to his orders and directions; that they were informed and believe that as a matter of law they are entitled to all the constitutional rights to which their employer is and was entitled, while in his employ upon the premises."

[1, 2] The question raised by the petition and rule and the motion to dismiss is whether Moran, who was not the owner of the premises searched and had no interest therein nor in the property seized, can raise the question of illegality of the search warrant. The same question was decided by this court in United States v. Gass (D. C.) 14 F.(2d) 230, as is raised here, and what was said there applies here: ·

"This question was decided adversely to the contention of Moran by Judge Woolley in A. Guckenheimer & Bros. Co. et al. v. United States (C. C. A.) 3 F.(2d) 786, where the following rule was laid down: 'Next, it is clear that a question of the lawfulness of a seizure can be raised only by one whose rights have been invaded. Certainly such a seizure, if unlawful, could not affect the constitutional rights of defendants whose property had not been seized or the privacy of whose homes had not been disturbed; nor could they claim for themselves the benefits of the Fourth Amendment when its violation, if any, was with reference to the rights of another. Remus v. United States (C. C. A.) 291 F. 501, 510, 511. It follows, therefore, that the question of the admissibility of the evidence based on an alleged unlawful search and seizure does not extend to the personal defendants, but embraces only the corporation whose property was taken.'

"And in Newingham et al. v. United States (C. C. A.) 4 F.(2d) 490, on page 493,

Judge Woolley, said: 'First, discriminating between papers which belonged to the corporation and papers which belonged to the defendants, we hold, under our ruling in Guckenheimer & Bros. Company v. United States (C. C. A.) 3 F.(2d) 786, that the defendants cannot avail themselves of· irregularities or infirmities in a search and seizure of papers belonging to another.' ·

"The Fourth Amendment to the Constitution of the United States provided that: 'The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place· to be searched, and the persons or things to be seized.'

"But this provision of our Constitution relates to the owner of the property. The question of the lawfulness of the seizure in this case cannot be raised by Moran, whose property has not been seized and the privacy of whose home has not been disturbed; this is clearly ruled by the authorities cited above."

In Lewis v. United States (C. C. A.) 6 F.(2d) 222, it was said:

"In regard to the second warrant, the plaintiffs in error, in their petition to suppress, made no claim either to the premises searched or to the property seized, and, in the absence of such a claim, they are in no position to raise the objection that the search was unreasonable or unauthorized, or that their constitutional rights were invaded."

In Graham v. United States (C. C. A.) 15 F.(2d) 740, it was said:

"If Graham was in a·position to urge the objections made to this search warrant, we might be compelled to sustain them. They cannot, however, be availed of by this defendant. The buildings searched belonged to, and were under the control of, his father. The narcotics seized were not in young Graham's possession, and at no time had he made any claim thereto. They were hidden in a shack occupied by the father, separate and apart from that occupied by the son. The guaranty of the Fourth Amendment to the Constitution against unreasonable search and seizure is a personal right or privilege, that can only be availed of by the owner or claimant of the property subjected to unreasonable search and seizure."

In Rosenberg v. United States (C. C. A.) 15 F.(2d) 179, it was held that a person who has no ownership or interest in the property

seized cannot raise the question of the illegality of the search warrant in the following language:

"It is next charged that the search warrant and the return thereof were insufficient, and that the evidence secured thereunder should have been excluded. The answer to this is that defendant disclaimed any ownership or interest in the property seized in the still room, claiming to have leased the premises."

In Armstrong v. United States (C. C. A.) 16 F.(2d) 62, it was said:

"Nor does the record show that the defendant made any claim either to the premises searched or the property seized, and in the absence of such claim cannot urge unreasonable search upon which to base a constitutional right."

The motion to dismiss Moran's petition and the rule granted thereon must therefore be sustained, and Moran's petition must be dismissed, and the rules granted thereon must be discharged.