## BENESE v. UNITED STATES.*

Circuit Court of Appeals, Fifth Circuit. April 9, 1928.

No. 5223.

1. **Criminal law ☞590(1)—Refusal of continuance to accused because of insufficient opportunity to prepare for trial because not furnished list of government witnesses held not abuse of discretion.**

Since a defendant in the federal courts is not entitled as matter of right to be furnished with a list of government witnesses before trial except in cases of treason or other capital offenses, there was no abuse of discretion in overruling motion for continuance made by defendant in prosecution for conspiring to violate Harrison Narcotic Act (26 USCA §§ 211, 691–707; Comp. St. §§ 6287g–6287q), on sole ground that defendant had not had sufficient opportunity to prepare for trial because he did not know what witnesses prosecution intended to produce against him.

2. **Criminal law ☞394—Refusal to suppress evidence obtained by unlawful search of codefendant's room at time of arrest held not error.**

In prosecution for conspiring to violate Harrison Narcotic Act (26 USCA §§ 211, 691–707; Comp. St. §§ 6287g–6287q), denial of accused's motion to suppress evidence seized in search of codefendant's room without search warrant *held* not error, where evidence showed that search and seizure were made, without objection, in connection with and at time of arrest of accused, and no motion to suppress was made on behalf of codefendant.

3. **Criminal law ☞1169(2)—Any error in permitting witness to testify accused's codefendant was "dope peddler" held harmless, where codefendant pleaded guilty to charge.**

In prosecution for conspiring to violate Harrison Narcotic Act (26 USCA §§ 211, 691–707; Comp. St. §§ 6287g–6287q), permitting federal narcotic agent to testify on cross-examination that codefendant was a "dope peddler," if error because answer was not responsive to question, *held* harmless as respects accused, where said codefendant pleaded guilty of the charge of illegal selling of morphine.

*Rehearing denied May 25, 1928.

4. **Criminal law ☞829(1)—Refusal of defendant's requested charge, fully covered by general charge, was not error.**

Refusal of defendant's requested instruction correctly stating the law was not error, where it was fully covered by general charge of the court, which was not objected to.

5. **Criminal law ☞1088(14)—Bill of exceptions disallowed by trial judge forms no part of record, though printed in transcript, and errors disclosed thereby may be disregarded.**

A bill of exceptions disallowed by the trial judge forms no part of the record, though printed in the transcript, and reviewing court would be justified in disregarding errors disclosed thereby.

6. **Criminal law ☞1129(1)—On writ of error, reviewing court will notice plain prejudicial error appearing on record, though not assigned.**

On writ of error, reviewing court will notice plain prejudicial error appearing on record, though not assigned.

In Error to the District Court of the United States for the Eastern District of Louisiana; Louis H. Burns, Judge.

Angelo Benese and another were convicted of conspiring to violate the Harrison Narcotic Act, and the named defendant appeals. Affirmed.

John E. Jackson, Bernard J. Daly, and Walter B. Hamlin, all of New Orleans, La., for appellant.

Wayne G. Borah, U. S. Atty., and P. M. Flanagan, Asst. U. S. Atty., both of New Orleans, La.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

FOSTER, Circuit Judge. Appellant was charged with three other persons, to wit, Alfred Raener, John Burke, and Whitney Norman, with conspiring to violate the Harrison Narcotic Act (26 USCA §§ 211, 691–707; Comp. St. §§ 6287g–6287q). Apparently Burke and Norman entered pleas. Appellant and Raener were convicted, but appellant is the only defendant before this court. Various errors are assigned which will be referred to in the course of this opinion.

[1] Appellant complains of the refusal of the court to grant a continuance. It appears that the indictment was returned November 2, 1927, and the case was called for trial November 8, 1927, on which day a motion for a continuance was filed on the ground that appellant had not had sufficient opportunity to prepare for trial because he did not know what witnesses the prosecution intended to produce against him and that a list of the government witnesses should be furnished to

him in order to allow him to properly prepare his defense. As no other ground for continuance was urged, and a defendant in the federal courts is not entitled as a matter of right to be furnished with a list of the government witnesses before trial, except in cases of treason or other capital offenses, there was no abuse of discretion in overruling the motion for a continuance.

[2] It appears that a large quantity of morphine was seized in the room of Norman without a search warrant, and appellant moved to suppress this evidence. The court heard testimony as to this occurrence, and the evidence supports the conclusion that the search and seizure were made in connection with, and at the time of, the arrest of the accused, without objection from any one. Further, the motion was not made on behalf of Norman, and the premises were in no sense those of appellant. It was not error to deny this motion. Cantrell v. U. S. (C. C. A.) 15 F.(2d) 953.

[3] In the course of the cross-examination of one Kiger, a federal narcotic agent, introduced as a witness by the government, he was asked this question: "What connection had Burke with the government?" To this he answered: "Burke had no connection with the government. Burke was a peddler who was breaking his neck to get us in a big deal as soon as we—" Counsel for appellant then attempted to interrupt the witness, but the court interfered and permitted the witness to finish his answer, which was to the effect that Burke was a "dope peddler." Error is assigned to this action of the court. The answer was not responsive to the question after the witness had testified that Burke had no connection with the government, and it was quite evidently an officious attempt to improperly inject into the record testimony that might have been highly prejudicial to all the defendants. Counsel was within his rights in attempting to stop the witness. However, it does not appear that the witness had said anything about Burke in his direct examination, and therefore the cross-examination might have been objected to by the government. Furthermore, since Burke was a codefendant and pleaded guilty, disclosure that he was engaged in the illegal occupation of unlawful selling of morphine could hardly have been damaging to appellant. The error, if any, was harmless.

[4] Error is assigned to the refusal of the court to give a special charge requested. It is unnecessary to set out the charge in full. It undoubtedly correctly stated the law, but it was fully covered by the general charge of the court, which was not objected to. The refusal of the charge was not error.

[5, 6] Other errors assigned require no comment, but was are asked to notice a plain error appearing on the record and not assigned. This relates to a colloquy between the court and the assistant district attorney prosecuting the case. It appears that appellant annexed all the evidence to a bill of exceptions based on the refusal of the court to grant a new trial, and that allowance of the bill was refused by the judge, but nevertheless it is printed in the transcript. The colloquy is shown in this way but not otherwise. A bill of exceptions disallowed by the judge forms no part of the record, although printed in the transcript, and we would be justified in disregarding the request on that ground. Of course, we would notice plain prejudicial error. However, we find nothing in the suggestion of counsel that would present reversible error in this case.

The record presents no reversible error. Affirmed.