## UNITED STATES v. MESSINA et al.

Circuit Court of Appeals, Second Circuit.
December 2, 1929.

No. 165.

William Messina, Mary Pontillo, and her husband, known as Nelson Brown, were indicted on four counts for:

(1) Having possession and in their custody and under their control at 112 47 North Boulevard, East Elmhurst, Long Island, an unregistered still;

(2) Manufacturing intoxicating liquor at said premises;

(3) Unlawful possession of alcohol at said premises;

(4) Maintaining a nuisance thereon.

William Messina was found guilty on counts 1, 2, and 3, and not guilty on count 4. He was sentenced to imprisonment at Atlanta for one year and a day and to pay a fine of $100 on count 1, and sentence was suspended on counts 2 and 3. The other defendants were convicted only on count 4. From his judgment of conviction on counts 1, 2, and 3, Messina appeals. Affirmed as to count 1; appeal dismissed as to counts 2 and 3.

In support of the indictment, the government called two officers of the New York city police, Armster and Lombardi. Armster testified that he went to premises 112 47 North Boulevard, East Elmhurst, on a complaint that there was a fire violation, and there met Mrs. Pontillo, who owned the premises. She offered to take him and his associate, Lombardi, through her apartments on the second floor, and did this. He asked to go into another apartment on the same floor, of which she had made a lease to one Palermo, but she said her husband had the key to the second apartment. As the officers could not get the key to the apartment, Armster lifted Lombardi up so that he could raise a window opening out of it. The officers thereupon entered and found a 150-gallon alcohol still in operation, and saw the defendant Messina near it, pouring alcohol from a can. They also found other intoxicating liquors in the basement of the building. Lombardi's story was much to the same effect, except that he did not mention any complaint as to a fire violation, but said: "We had a complaint * * * that there was a still in operation."

Messina told a fantastic story to the effect that he was out of a job, and was employed for the first time by Palermo on the day the officers entered, to take care of the place and keep it clean, and to bundle up cans used for water for battery service. He said he did not own the still. He said that Palermo had been in the premises in the morning, but was away in the afternoon, at the time the officers came.

Upon the foregoing evidence Messina was found guilty of (1) having in his custody an unregistered still; (2) manufacturing intoxicating liquor; and (3) unlawful possession of alcohol on the premises.

Harold Turk, of Brooklyn, N. Y. (William Berg, of New York City, of counsel), for appellant.

Howard W. Ameli, U. S. Atty., of Brooklyn, N. Y. (Herbert H. Kellogg, Asst. U. S. Atty., of Brooklyn, N. Y., of counsel), for the United States.

Before MANTON, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge (after stating the facts as above). The defendant appeals from the judgment of conviction on the ground that (1) the evidence introduced by the government was obtained as a result of an illegal search; (2) there was no evidence that Messina was in possession, custody or control of the still; (3) the charge of the trial judge was erroneous and prejudicial.

There was evidence indicating that the officers went to the place because of a complaint of a fire violation. This violation, if it existed, was an offense under a state law or a municipal ordinance adopted under state authority. It is argued that the nature of it was not pointed out by the witnesses, but a general statement that it existed ought to be sufficient, in the absence of any attempt by cross-examination, or otherwise, to question the testimony given at the trial. Marsh v. United States (C. C. A.) 29 F.(2d) 172.

But, if the evidence of a complaint based on an alleged violation of state law was too thin, there was nevertheless no basis for an objection on the part of Messina to the search. He was not the owner of the premises, or a tenant under a lease, nor did he dwell there as an employé or guest. He was a mere casual workman, disclaiming any interest in the premises or the still. The Fourth Amendment to the Constitution safeguards "the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, * * *."

Messina denied all interest in the premises and property searched, and there was no invasion of his person. A motion to suppress the evidence offered could not prevail by one with no interest in the premises

searched or the property seized. He should at least be dwelling there. Haywood v. United States (C. C. A.) 268 F. 795, at page 803, 804; Lusco v. United States (C. C. A.) 287 F. 69; Remus v. United States (C. C. A.) 291 F. 501 at page 510, 511; Schwartz v. United States (C. C. A.) 294 F. 528; Goldberg v. United States (C. C. A.) 297 F. 98, at page 101; Lewis v. United States (C. C. A.) 6 F.(2d) 222, at page 223; Rosenberg v. United States (C. C. A.) 15 F.(2d) 179; Graham v. United States (C. C. A.) 15 F.(2d) 740; Cantrell v. United States (C. C. A.) 15 F.(2d) 953.

The facts in Cantrell v. United States, supra, decided by the Circuit Court of Appeals of the Ninth Circuit, seem to have involved the identical question of law before us. There one of the defendants was found in immediate charge of a still, but it was held that he could not object to an unlawful search, as he neither owned nor occupied the premises.

We are referred by appellant's counsel to the recent opinion of Judge Dietrich in Alvau v. United States (C. C. A.) 33 F.(2d) 467. There one Rossi, who was apparently a "guest or employee" of Alvau, the owner of a dwelling house in which the latter lived, claimed immunity against a search in the nighttime whereby an illicit still was discovered. The court held that Rossi was entitled to immunity, though he did not own the dwelling house or claim an interest in the still, on the ground that he "for the time being was domiciled in the premises." In the case at bar, Messina was in no sense "domiciled in the premises," "for the time being" or otherwise. Neither the room nor the apartment where the still was found had any appearance of being for living quarters, for they contained no bed, and nothing but a table, two chairs, a water cooler, and the still. No one was there but Messina.

The contention that there was no evidence that Messina was in "custody" or "control" of the still, so as to bring him within the provisions of Rev. St. § 3258 (26 USCA § 281) is without foundation. Officer Armster testified that, when he saw him in the room where the still was in operation, "he was in the act of pouring from a measure some white liquid into a five-gallon can, which I tasted and smelled and found to be alcohol." No one else was in the apartment, and Palermo, for whom Messina said he worked, was never called as a witness.

There was plainly a question for the jury as to whether the still was in Messina's "custody" or "control," and they were justified in disbelieving his testimony that he had nothing to do with the operation of the still in the face of such incriminating facts. Seiden v. United States (C. C. A.) 16 F.(2d) 197; United States v. Dibella (C. C. A.) 28 F.(2d) 805.

The criticisms of the judge's charge are quite unfounded. The first one is to the remark of the court that "it ought not to be difficult to find the truth in this case." Such a remark was harmless anyway. But it is especially hard to see why appellant argues that it was error, when it was followed, after an objection, by the statement: "Well, * * * that is for you to say, if you think it is difficult. * * * It is your duty as jurymen to find out where the truth is."

The only criticism that might have some imagined substance is based on the judge's answer to the following question by a juror: "If there is any doubt as to whether enough evidence has been brought out in a trial to convince the jurors of one point in question, are they allowed to determine their decision by their own feelings in the case?" Instead of directly answering this question, the court went on to define reasonable doubt. It is evident that the juror meant to ask whether, if there was any doubt as to guilt, the jury might acquit, and the court replied: "Not if there is any doubt, * * * only if there be a reasonable doubt."

The court's language was not altogether felicitous, but there can be no doubt that the jury understood the meaning, and no exception was taken to what was said in reply to the juror's question.

The contention that the court should not have sentenced Messina under count 1 for having custody or control of a still in violation of Revised Statutes, § 3258 (26 USCA § 281), is without merit. A sentence under this very section was upheld by us in United States v. Dibella, 28 F.(2d) 805.

Sentence was suspended on counts 2 and 3. The appeal, in so far as it related to these counts, was premature because there was no sentence and consequently no judgment thereon from which an appeal might be taken. Accordingly the appeal in respect to counts 2 and 3 must be dismissed. United States v. Lecato (C. C. A.) 29 F.(2d) 694.

The judgment of conviction is affirmed as to count 1, and the appeal is dismissed as to counts 2 and 3.