### UNITED STATES v. NOBILE et al.

District Court, S. D. New York.

Aug. 4, 1936.

Lamar Hardy, U. S. Atty., of New York City (Raymond P. Whearty, of counsel), for complainant.

Joseph H. Rosenthal, of Brooklyn, N. Y. (Leonard Greenstone, of Brooklyn, N. Y., of counsel), for petitioner.

LEIBELL, District Judge.

Petitioner, Angelo Marino, is one of five defendants who have been indicted for illegally operating a still at 34 Market street, Cold Spring, Putnam county, N. Y. The investigators of the Alcohol Tax Unit, Treasury Department, entered the premises in question shortly after midnight on July 24, 1934, and arrested the defendant Marino, and at the same time seized the still, vats, mash, and alcohol on said premises.

The defendant Marino claims the seizure of these articles was unlawful, and upon the present motion seeks an order suppressing all the evidence obtained thereby.

Marino asserts that his rights under the Fourth and Fifth Amendments of the Constitution of the United States were violated by the search and seizure without a search warrant.

Petitioner alleges that he was actually living in the said premises with two other men, who used the premises as their living quarters and jointly used a kitchen and cooking utensils to cook their meals. They were the workmen who operated the still. Petitioner further alleges that on the second floor in two separate rooms there were three cots, dressers and chairs, that there was food in the kitchen, and that he was in lawful possession of the premises at the time of the arrest and seizure. He contends that the government's agents unlawfully broke into the building without any search warrant and without having any probable cause for believing that a crime was being committed in the building, prior to their entry.

The petition and amended petition submitted by Marino on this motion are in direct conflict with statements contained in an affidavit that he executed before the United States commissioner on the day of his arrest, and are further in conflict with a statement he made to the assistant United States attorney in the presence of a stenographer at about the same time.

In his affidavit and statement made on the day of his arrest Marino claimed that he resided at 97 North Highland avenue, Ossining; that he had been hired by one Vincent Nobile (another defendant herein) only a few days before, on July 20, 1934; that Nobile also lived in Ossining, at No. 3 Column avenue, and that Nobile had told him that he (Nobile) was the

owner of a still at 34 Market street, Cold Spring. Marino went to work for Nobile at the Market street house, assisting in the operation of the still, for which he was to receive $15 a week. Marino further stated that Nobile issued the orders to him, and that he was actually paid nothing for his work, because he was arrested a few days after he was hired. Marino also told the assistant United States district attorney that the vats were full and that he was setting the mash at the time the investigators arrived at the premises. In his affidavit and statement on July 24, 1934, Marino did not claim that he was living in the Market street premises, nor did he claim any ownership or tenancy in that building. He denied any ownership in the still or other materials on said premises, and asserted that Nobile was the owner of the still and that he (Marino) was only a workman.

Prior to proceeding to the Market street premises at Cold Spring, the investigators of the Alcohol Tax Unit ascertained that there was no permit for a distillery at that address. The investigators, in their affidavits, state that, when they approached the Market street building, they smelled mash cooking—the fumes of fermenting mash were distinct. They further state that the ground floor was dark, that the second floor was brightly lighted, and that there was a dim light on the third floor. With the aid of flashlights they looked through the windows on the ground floor and saw that it was entirely vacant.

A man appeared at a window on the second floor at the front of the building and, when called to, immediately fled. At the rear of the building the investigators found a door open and also saw the defendant Marino at a window on the second floor. He was fully dressed. The investigators ordered him to stay where he was. They then entered the building through this rear door, and going to the second floor arrested Marino and seized a 250-gallon unregistered still which was in operation at the time. They also seized 3,000 gallons of mash and some containers of alcohol. The only furnishings the investigators found in the building were a mattress on top of some packing cases, covered with a single blanket and a few pots and pans.

The investigators, before they entered the building, from their own observations, had reasonable grounds for believing that a crime was being committed in their presence, that an unregistered still was being operated on the premises. The building had no appearance of being occupied as a dwelling house. The still was on the second floor and the three 1,000-gallon vats and the condensers were on the third floor. Further, the search and seizure, although without a warrant, were made at the time of the arrest of Marino. Rocchia v. United States (C.C.A.) 78 F.(2d) 966, 969.

The owner of the still was the defendant Nobile, but he does not choose to claim the ownership now or to allege that any of his constitutional rights have been violated. Marino's present claim that he was in possession of the Market street premises and resided therein is contradicted by his above-mentioned affidavit and statement made on the day of his arrest. His only explanation of this vital inconsistency is found in the seventh paragraph of his amended petition from which the following is quoted: "That the petitioner admits that he denied all ownership and possession to the premises at the time of his arrest and arraignment. He was frightened by the first arrest in his life and felt that by denying the same, he would lessen his criminal liability."

Apparently he now feels that by denying his former sworn statement and by making this present motion to suppress evidence he may lessen, if not entirely destroy, any chance of a conviction of the crime for which he and the other defendants have been jointly indicted. Marino appears to have been selected to make this motion because he was the only one of the defendants actually caught on the premises at the time of the search and seizure.

Petitioner's constitutional rights have not been violated by the search and seizure. U. S. v. Messina (C.C.A.) 36 F.(2d) 699; Kelley v. U. S. (C.C.A.) 61 F.(2d) 843, 86 A.L.R. 238.

The motion to suppress the evidence seized is denied.